**Babaui MALONE, Plaintiff-Appellant,**

v.

**NORTH AMERICAN ROCKWELL COR-PORATION, a corporation, Defendant-Appellee.**

**No. 26009.**

United States Court of Appeals, Ninth Circuit.

March 23, 1972.

Richard I. Wideman (argued), Los Angeles, Cal., for plaintiff-appellant.

Stephen E. Tallent (argued), Kenneth E. Ristau, Jr., of Gibson, Dunn & Crutcher, Los Angeles, Cal., for defendant-appellee.

Charles L. Reischel (argued), Stanley P. Herbert, Gen. Counsel, Russell Specter, Deputy Gen. Counsel, Julia P. Cooper, Gen. Atty., Washington, D. C., for amicus curiae.

Before BROWNING, ELY and CHOY, Circuit Judges.

PER CURIAM:

Mrs. Babaui Malone appeals a district court order granting summary judgment dismissing her complaint charging her employer, North American Rockwell Corporation (North American), with job discrimination in violation of Title VII, the equal employment provisions, of the 1964 Civil Rights Act, 42 U.S.C. §§ 2000e et seq. We reverse and remand.

Mrs. Malone, a black, has been employed by North American since 1942. She has unsuccessfully sought promotion from her present classification of aircraft assembler to that of aircraft structure mechanic. In early 1967,[1] North American promoted two Caucasian men from assembler to structure mechanic. Both had worked in the same unit as Mrs. Malone; both were below her in seniority.

Mrs. Malone then filed a grievance with her union agent contending that she had been denied promotion in violation of the union contract. The grievance was settled against her on July 12, and Mrs. Malone was so notified on August 27. On September 2, she mailed a charge to the Equal Employment Opportunities Commission (the EEOC), alleging racial discrimination in the promotion of the two men and in the settlement of her grievance. The EEOC immediately referred her charge to the California Fair Employment Practice

---

1. The record does not disclose the exact date of the promotions. We accept the district court's conclusion that they occurred during January, 1967. Unless otherwise noted, all dates are 1967.

Commission (the FEPC), in keeping with its policy of forwarding all discrimination charges to the responsible state agency in compliance with § 2000e–5(b). Mrs. Malone personally filed a charge with the FEPC on September 14.

After the sixty-day referral period required by § 2000e–5(b) elapsed, Mrs. Malone requested that the EEOC assume jurisdiction over her case. On February 13, 1968, the EEOC notified her that it had failed to obtain voluntary compliance by North American, and that she had thirty days in which to bring suit in the federal district court. In the interim, the EEOC had not investigated Mrs. Malone's charge nor attempted conciliation. Mrs. Malone filed her suit on February 20, 1968. Her EEOC charge was not served upon North American until February 11, 1969.

 The District Court granted summary judgment for North America, holding that it lacked subject matter jurisdiction because Mrs. Malone's EEOC charge was not timely filed within the 210 days required by § 2000e–5(d), since the alleged discriminatory acts occurred approximately 330 days before the charge was actually filed in November, 1967. This construction of the statute penalized an employee who sought to adjust her dispute with her employer through the private machinery of the grievance procedure. While resort to contractual grievance procedures may delay somewhat the speedy resolution of discrimination disputes, it nevertheless encourages private settlement without resort to state or federal agencies or to the federal courts. Since Title VII seeks to utilize private settlement as an effective deterrent to employment discrimination, we hold that the 210-day statute of limitations is tolled while an employee in good faith pursues his contractual grievance remedies in a constructive effort to obtain a private set-

tlement. Culpepper v. Reynolds Metal Co., 421 F.2d 888, 891 (5th Cir., 1970); Hutchings v. United States Industries, Inc., 428 F.2d 303, 308–309 (5th Cir., 1970). *Cf.* Schiff v. Mead Corp. (6th Cir., November 18, 1970). Mrs Malone's EEOC charge was timely filed.[2]

 Reversed and remanded for further proceedings. Under the particular circumstances of this case and pursuant to § 2000e–5(k), we award $2,500 in attorney's fees for services on this appeal to Mrs. Malone, that amount having been stipulated to as reasonable by North American's counsel.

---

2. We do not decide whether North American's failure to promote Mrs. Malone constituted a "continuing act" of discrimination or whether the settlement of the grievance against her was in itself a discriminatory act.