Sandra BENNETT, Plaintiff,

v.

RUSS BERRIE AND CO., INC., Defendant.

No. S 82–520.

United States District Court, N.D. Indiana, South Bend Division.

June 17, 1983.

Donald E. Wertheimer, South Bend, Ind., for plaintiff.

Michael W. Cotter, South Bend, Ind., Lawrence C. DiNardo, Chicago, Ill., for defendant.

## MEMORANDUM AND ORDER

SHARP, Chief Judge.

The plaintiff, Sandra Bennett, commenced this action on November 18, 1982 by filing a complaint in which she alleged: (1) that defendant, Russ Berrie and Co., Inc., discriminated against her on the basis of sex in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq., when Russ Berrie discharged plaintiff from her employment on November 19, 1980; (2) that Russ Berrie breached her contract of employment when it discharged her on November 19, 1980; and (3) that Russ Berrie's agent engaged in conduct which was intended to inflict extreme emotional distress. This case is presently before the court on defendant's Motion for Summary Judgment. Both parties have fully briefed the issues and the matter is ripe for ruling.

A court may only grant a Motion for Summary Judgment if there are no disputed issues of material fact and the party seeking summary judgment is entitled to judgment as a matter of law. Rule 56, Fed.R.Civ.Proc. To create a question of fact, an adverse party responding to a properly made and supported summary judgment motion must set forth specific facts showing that there is a genuine issue for trial. *Posey v. Skyline Corp.*, 702 F.2d 102, 105 (7th Cir.1983); see *Macklin v. Butler*, 553 F.2d 525, 528 (7th Cir.1977).

█ It should also be noted that plaintiff is and has been represented by counsel since the initial stages of activity with regard to this alleged act of sex discrimination. Accordingly, the less stringent standards applied to *pro se* plaintiffs are inapplicable in this case. See *Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

## I.

Under the statutory framework of Title VII, a plaintiff must comply with two requirements in order to maintain a Title VII lawsuit in federal court. First, a plaintiff must demonstrate that he or she filed a timely charge of discrimination with the Equal Employment Opportunity Commission within 180 days of the alleged unlawful practice. 42 U.S.C. § 2000e–5(e). The only exception to the 180 day filing deadline is where a charging party first files a timely charge with a state agency empowered to grant or seek relief for the alleged discriminatory action. 42 U.S.C. § 2000e–5(c). Second, a plaintiff must establish that he or she filed suit within 90 days after receiving a statutory right to sue notice from the EEOC. 42 U.S.C. § 2000e–5(f)(1).

Section 706 of Title VII provides in relevant part that:

> Whenever a charge is filed by or on behalf of a person claiming to be aggrieved ... alleging that an employer, ... has engaged in an unlawful employment practice, the Commission shall serve a notice of the charge ... on such employer ... within ten days, and shall make an investigation thereof. Charges shall be in writing under oath or affirmation and shall contain such information and be in such form as the Commission requires.... In determining whether reasonable cause exists, the commission shall accord substantial weight to final findings and orders made by state and local authorities.... If the Commission determines after such investigation that there is reasonable cause to believe that the charge is true, the Commission shall endeavor to eliminate any such alleged unlawful employment practice by informal methods of conference, conciliation, and persuasion.

42 U.S.C. § 2000e–5(b); see 29 C.F.R. § 1601 *et seq.*

These statutory and regulatory provisions requiring a plaintiff to file a valid charge with the EEOC before commencing suit in federal court arise from the clearly articulated congressional preference for voluntary conciliation of discrimination claims by the EEOC. Thus, in construing the statutory and regulatory language, courts have consistently held that a plaintiff cannot bypass the administrative procedures of Title VII and seek recourse directly from the district court without first affording the EEOC an opportunity to attempt conciliation of the charge. See *Williams v. General Foods Corp.,* 492 F.2d 399, 404–05 (7th Cir. 1974); *Waters v. Wisconsin Steel Works,* 427 F.2d 476, 485 (7th Cir.1970), *cert. denied,* 425 U.S. 997, 96 S.Ct. 2214, 48 L.Ed.2d 823 (1976); *Bowe v. Colgate-Palmolive Co.,* 416 F.2d 711, 719 (7th Cir.1969); *Cox v. United States Gypsum Co.,* 284 F.Supp. 74, 76 (N.D.Ind.1968), *aff'd,* 409 F.2d 289, 290 (7th Cir.1969).

The record in this case reveals the following undisputed facts. Plaintiff contacted the South Bend Human Rights Commission sometime in January 1981 and was advised to contact the EEOC. The EEOC then suggested that Bennett contact an attorney. As a result, plaintiff spoke with two attorneys from the same law firm sometime in January 1981. Bennett specifically advised counsel that she believed she had been discharged because of her sex. On February 26, 1981, plaintiff's counsel sent a letter to the EEOC and the State of Indiana Civil Rights Commission. Neither the EEOC nor the Civil Rights Commission treated the letter as a charge of discrimination, processed or investigated the charge, or sent notice to defendant Russ Berrie that a charge of discrimination had been filed against it by plaintiff. On February 9, 1983, plaintiff filed a charge of discrimination with the EEOC. On February 18, 1983, the EEOC dismissed the charge filed February 9, 1983 for want of jurisdiction and issued plaintiff a Notice of Right to Sue.

 The charge of discrimination filed February 9, 1983, two years and three months after she was discharged from her employment clearly does not satisfy the procedural requirements for the filing of a charge under Title VII. Section 706 of Title VII provides in relevant part that a "charge shall be filed within one hundred and eighty days after the alleged unlawful

employment practice occurred...." 42 U.S.C. § 2000e–5(e). Thus, plaintiff's charge of February 9, 1983 is clearly not timely and the resulting Notice of Right to Sue cannot form the basis for this court to exert jurisdiction over plaintiff's alleged Title VII claims.

The plaintiff maintains, however, that the letter dated February 26, 1981 from plaintiff's counsel to the EEOC satisfies the charge filing requirements of Title VII and that this court should therefore exercise jurisdiction over her Title VII claim. The defendant argues that the Title VII claim should be dismissed because there has been no timely valid administrative charge filed with the EEOC. The defendant maintains that the February 26, 1981 letter is not a valid charge in that it was not signed by plaintiff, was not under oath or affirmation and was not otherwise in the form required by the EEOC.

█ A charge of discrimination may be made by or on behalf of any person claiming to be aggrieved. 42 U.S.C. § 2000e–5(b); 29 C.F.R. § 1601.7. Thus, the fact that plaintiff's counsel, rather than plaintiff, signed the letter is not sufficient ground to find that a valid administrative charge has not been filed with the EEOC. Nor is the mere fact that the letter was not under oath or affirmation sufficient to find that the letter was not a valid administrative charge thereby divesting this court of jurisdiction. See *Choate v. Caterpillar Tractor Co.,* 402 F.2d 357 (7th Cir.1968).

In *Choate,* the plaintiff filed a timely written signed complaint that the EEOC in the form required by the Commission except not under oath. A copy of the charge was then served on the respondent. Subsequently, the plaintiff was contacted by the Commission to cure the omission of her oath. See 29 C.F.R. § 1601.11. The Commission investigated the complaint and found that there was reasonable cause to believe a violation of the Act had occurred. Upon issuance of a right to sue letter, the plaintiff filed suit in the district court.

Thus, the only requirement that the plaintiff in *Choate* failed to comply with was the omission of the oath. Accordingly,

the Seventh Circuit held that "deny[ing] relief under these circumstances would be a meaningless triumph of form over substance." *Id.* at 360. The court further emphasized that since defendant Caterpillar had received the statutorily required notice that a charge had been filed against it by the plaintiff, it was "difficult to imagine how the absence of an oath at the time the original charge was filed could have injured Caterpillar." *Id.*

█ The facts present in the case presently before this court disclose a much different situation. The letter of February 26, 1981 from plaintiff's counsel to the EEOC, contrary to the requirement of 42 U.S.C. § 2000e–5(b), was in no way in conformance with the form required by the Commission. The letter was not treated by the EEOC as a charge of discrimination, was not processed or investigated by the EEOC and no notice was ever given to defendant Russ Berrie that a charge of discrimination had been filed against it by Bennett. The court finds that denying relief in this case, unlike *Choate,* would not be a triumph of form over substance. The plaintiff has failed to file a timely valid administrative charge with EEOC, and consequently the EEOC never had the opportunity to resolve Bennett's claim through informal methods of conciliation. Further, due to plaintiff's failure to properly follow the administrative procedure, Russ Berrie had no notice of the alleged sex discrimination claim until two years after the alleged act occurred. This court, unlike the court in *Choate,* cannot say that the failure of plaintiff to comply with the procedural requirements of Title VII could not have injured Russ Berrie. The substantial passage of time before Russ Berrie received notice of the alleged unlawful act precluded defendant from gathering evidence in defense of its position when the circumstances surrounding the discharge were fresh. To allow this Title VII action to be maintained where no valid charge has been filed with the EEOC, a substantial amount of time has passed since the alleged unlawful act occurred, and

plaintiff has been represented by counsel from the very start, would be to ignore the Congressional objectives embodied in Title VII to encourage conciliation of claims before the EEOC.

■ In addition to failing to establish compliance with the EEOC charge filing requirements, Bennett cannot demonstrate adherence to Section 706(f)(1) mandating that suit be filed within 90 days after receiving a statutory right to sue letter from the EEOC. Section 706(f)(1), 42 U.S.C. § 2000e–5(f)(1), provides in relevant part:

> If a charge . . . is dismissed . . . or if within one hundred and eighty days from the filing of such charge . . . the Commission has not filed a civil action . . . or the Commission has not entered into a conciliation agreement . . . the Commission . . . shall so notify the person aggrieved and within ninety days after the giving of such notice a civil action may be brought. . . .

The receipt of a right to sue letter has been repeatedly held to be a "a prerequisite to the maintenance of suit under Title VII." *Movement for Opportunity & Equity v. General Motors Corp.,* 622 F.2d 1235, 1238 (7th Cir.1980). *Archie v. Chicago Truck Drivers, etc.,* 585 F.2d 210 (7th Cir.1978); *Bowe v. Colgate, supra; Cox v. United States Gypsum Company, supra.*

In her complaint, Bennett does not allege that she ever received or requested a right to sue letter. As with her failure to file an administrative charge, no legally sufficient excuse exists for exempting the plaintiff from the requirement that a right to sue letter be secured as a condition precedent to filing suit.

■ It should also be noted that a charge cannot be "filed" with the EEOC "before the expiration of sixty days after proceedings have been commenced under the state or local law, unless such proceedings have been earlier terminated." 42 U.S.C. § 2000e–5(c); *Mohasco Corp. v. Silver,* 447 U.S. 807, 100 S.Ct. 2486, 65 L.Ed.2d 532 (1980). Here the plaintiff had the option of proceeding before either the Indiana Civil Rights Commission ("ICRC"), or the South Bend Human Rights Commission ("SBHRC"). Pursuant to Ind. Code Ann. § 22–9–1–3(*o*) (Burns 1971), charges must be filed with the ICRC within 90 days from the date of the alleged discriminatory practice. Similarly, pursuant to South Bend Human Rights Ordinance No. 6635–79, a charge must be filed with the SBHRC within 90 days from the claimed violation. Plaintiff was discharged on November 19, 1980 and did not direct the letter to the state agency until February 26, 1981—98 days from the date of the alleged discriminatory conduct. Thus, even assuming arguendo that the letter of February 26, 1981 was a valid administrative charge, which this court would not do, it was not timely filed with the state agency.

The plaintiff finally argues that the filing of a charge with the EEOC is no longer a jurisdictional prerequisite to filing a Title VII action based on the Supreme Court's decision in *Zipes v. Trans World Airlines, Inc.,* 455 U.S. 385, 102 S.Ct. 1127, 71 L.Ed.2d 234 (1982). In *Zipes,* the Supreme Court held that the timely filing of an EEOC charge is not a jurisdictional prerequisite to the bringing of a Title VII suit in federal court, as the filing requirement is subject to tolling when equity so requires. *Zipes* did not, however, hold that an aggrieved party can sidestep the charge filing requirements of Title VII. See *Price v. Southwestern Bell Telephone Co.,* 687 F.2d 74 (5th Cir. 1982), *Wilkerson v. Siegfried Ins. Agency, Inc.,* 683 F.2d 344 (10th Cir.1982); *Pinkard v. Pullman-Standard, A Div. of Pullman, Inc.,* 678 F.2d 1211 (5th Cir.1982); *Rice v. New England College,* 676 F.2d 9 (1st Cir. 1982); *Jennings v. American Postal Workers Union,* 672 F.2d 712 (8th Cir.1982).

■ In this case, the plaintiff has not alleged any facts which would establish an equitable basis for tolling the period for filing a charge. Nor could any such claim

be made in light of the fact that plaintiff has been represented by counsel since shortly after her discharge.

For the foregoing reasons, no valid Title VII claims may be maintained against defendant Russ Berrie. Further, inasmuch as the remaining claims are pendent state claims, the court in its discretion declines to exercise jurisdiction over them. See *United Mine Workers v. Gibbs,* 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966). Accordingly, defendant's Motion for Summary Judgment is hereby GRANTED.

SO ORDERED.