Pursuant to the memorandum opinion filed herein on this date,

IT IS HEREBY ORDERED, ADJUDGED and DECREED that judgment be and it is entered in favor of defendant, costs to be paid by plaintiff.

**Janet L. WORRELL, Plaintiff,**

v.

**UNIFORMS TO YOU & COMPANY, an Illinois corporation; James Zimmerman; Gloria Hawkins; John Frank; Larry Allen; and Does 1 through 10, inclusive, Defendants.**

**No. C–86–6422 EFL.**

United States District Court, N.D. California.

Feb. 27, 1987.

As Amended April 2, 1987.

Harley C. Hardesty, Jerrold Ladar, San Francisco, Cal., for plaintiff.

Alan S. Kevins, Littler, Mendelson, Fastiff & Tichy, San Francisco, Cal., Paul J. Cherner, Paul E. Bateman, Sachnoff Weaver & Rubenstein Ltd, Chicago, Ill., for defendants.

## ORDER

LYNCH, District Judge.

### FACTUAL BACKGROUND

On August 8, 1986, plaintiff filed a complaint against defendants in California Superior Court (No. 862466) alleging, *inter alia*, sexual harassment and violation of state and federal civil rights acts. The complaint stated that plaintiff had "complied with all procedural conditions to filing suit for violation of her rights under California Fair Employment and Housing Act, and the Federal Civil Rights Act of 1964." Based on the alleged violations of federal law, defendants removed the action to the United States District Court for the Northern District of California.[1]

On December 29, 1986, plaintiff filed a motion with this Court to remand this action to state court because of a lack of federal subject matter jurisdiction. *See* 28 U.S.C. section 1447(c). Plaintiff's motion is supported by two declarations. Plaintiff's own declaration states that she had filed a charge of discrimination with the California Department of Fair Employment and Housing ("DFEH"), but that she had never filed a charge of discrimination with the United States Equal Employment Opportunity Commission ("EEOC"). The second declaration is by Bernard Knapp, plaintiff's at-

torney, which summarizes a telephone conversation Mr. Knapp had with a consultant at DFEH. The consultant explained that DFEH will not cross-file a charge with the EEOC when EEOC jurisdiction is not apparent from the face of the charge. The charge indicated the defendant employed only ten employees. Since EEOC jurisdiction extends only to employers with fifteen or more employees, 42 U.S.C. section 2000e(b), EEOC jurisdiction appeared lacking.[2]

On January 30, 1987, this Court granted plaintiff's motion to remand the instant dispute to state court. In addition, this Court agreed to consider plaintiff's motion for sanctions under Rule 11 of the Federal Rules of Civil Procedure. This Court now orders sanctions as specified below.

### MERITS OF MOTIONS FILED

#### 1. *Plaintiff's motion for remand*

■ Plaintiff's principal argument in support of her motion to remand is that 42 U.S.C. section 2000e–5(e) requires a charge of discrimination to be filed with the EEOC before the charging party may institute a suit in federal court. *See* 42 U.S.C. section 2000e–5(f)(1). Therefore, failure to file with the EEOC precludes suit in federal court because the filing of a charge of discrimination with the EEOC is a jurisdictional prerequisite to federal subject matter jurisdiction. This principle is clearly stated as the rule in this Circuit in *Serpe v. Four-Phase Systems, Inc.*, 718 F.2d 935, 936 (9th Cir.1983),[3] and appropriately relied on by plaintiff in her motion to remand.

---

1. Plaintiff concedes that her initial state complaint contained "conclusory and mistaken allegations of Title VII jurisdiction." Plaintiff Worrell's Reply to Defendants' Opposition to Motion to Remand at 6. Plaintiff does not dispute the propriety of defendants' removal of this action to the United States District Court based upon plaintiff's initially overbroad pleading. However, subsequent declarations filed by plaintiff with this Court establish, as described below, that federal jurisdiction is clearly lacking in this action. Therefore, the focus of this Court's attention is directed to defendants' opposition to plaintiff's motion to remand this action to state court.

2. Some confusion was created by the notation of "(50)" next to the number "10" in the box designated "no. of employees/members" on the charge filed with the state. Plaintiff's reply brief contains a declaration from Barbara Osborne, senior consultant with DFEH, which clearly establishes that "(50)" is an internal DFEH code for the type of employer involved and does not pertain to the number of employees working at the establishment.

3. "In a Title VII action, the subject matter of the court's jurisdiction extends only to those claims made before the EEOC." *Serpe*, 718 F.2d at 936.

Plaintiff's motion to remand carefully distinguishes the holding in *Serpe* from other decisions that focus on the jurisdictional nature of the *timeliness* of charges filed with the EEOC. In *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 102 S.Ct. 1127, 71 L.Ed.2d 234 (1982), the United States Supreme Court addressed only the narrow issue of "whether the *timely* filing of an EEOC charge is a jurisdictional prerequisite to bringing a Title VII suit in federal court or whether the requirement is subject to waiver and estoppel." *Id.* at 392, 102 S.Ct. at 1132 (emphasis added). The Court held "that filing a *timely* charge of discrimination with the EEOC is not a jurisdictional prerequisite to suit in federal court, but a requirement that, like a statute of limitations, is subject to waiver, estoppel, and equitable tolling." *Id.* at 303, 102 S.Ct. at 1132 (emphasis added).

Any uncertainty regarding the breadth of the Supreme Court's decision in *Zipes* should clearly have been resolved by the *subsequent* decision of the Ninth Circuit in *Serpe* as well as decisions in other circuits.[4]

### 2. Defendant's motion in opposition to remand

Despite the clearly narrow holding of the Court in *Zipes*, defendants' brief asserts in unequivocal language that *Zipes* held that the mere filing of a charge with the EEOC is not a jurisdictional prerequisite to filing a Title VII action in federal court.[5] Defendants do not cite a single passage from the Court's opinion in *Zipes* to bolster their argument. Rather, defendants rely on a lengthy list of cases that allegedly support their interpretation of the *Zipes* opinion. A close reading of each case establishes conclusively that none of the cases cited support defendants' interpretation of the *Zipes* opinion.

Defendants rely most heavily on *Gibbs v. Pierce County Law Enforcement Support Agency*, 785 F.2d 1396 (9th Cir.1986). Defendants', in their brief, quote from the opinion that "Sowell's failure to file [a charge with the EEOC] does not raise jurisdictional considerations." *Id.* at 1399. Read in isolation, this language suggests that failing to file a charge with the EEOC does not preclude federal jurisdiction over a subsequently filed Title VII action. However, defendants' use of the quotation above is a gross mischaracterization of the court's opinion because plaintiff Sowell's union had filed a charge of sex discrimination with the EEOC on behalf of "aggrieved female members," *id.* at 1398, a group to which Sowell arguably belonged. Although the union filed its charge on April 16, 1981, and Sowell did not become an employee in the aggrieved job category until April 27, 1981, defendants had not raised that issue in the district court. Therefore, the Ninth Circuit held that Sowell's failure to file her *own* charge with the EEOC was not a jurisdictional concern because her union had filed on her behalf. The fact that Sowell was not employed in the aggrieved job category until after the union filed its charge with the EEOC was not an issue before the court. No reasonable interpretation of *Gibbs* could construe the court's opinion as abrogating the requirement of filing a charge with the EEOC as a prerequisite for federal subject matter jurisdiction.

Nor does *Malone v. North American Rockwell Corp.*, 457 F.2d 779 (9th Cir. 1972), hold, as defendants suggest, that "the Ninth Circuit has long held that the charge filing requirements in 42 U.S.C. sec-

---

**4.** *See, e.g., Bennett v. Russ Berrie & Co.*, 564 F.Supp. 1576 (N.D.Ind.1983). In *Bennett* the plaintiff had argued that the filing of a charge with the EEOC was no longer a jurisdictional prerequisite to filing a Title VII action based on the Supreme Court's decision in *Zipes*. The *Bennett* court disagreed. "In *Zipes*, the Supreme Court held that the timely filing of an EEOC charge is not a jurisdictional prerequisite to the bringing of a Title VII suit in federal court, as the filing requirement is subject to tolling when equity so requires. *Zipes* did not, however, hold

that an aggrieved party can sidestep the charge filing requirements of Title VII." *Id.* at 1580.

**5.** "It should further be noted that the filing of a charge before the Equal Employment Opportunity Commission ("EEOC") is not a jurisdictional prerequisite to filing a Title VII action in federal district court. *See Zipes v. Trans World Airlines*, 455 U.S. 385, 102 S.Ct. 1127, 71 L.Ed.2d 234 (1982)." Defendants' Opposition to Motion for Remand at 4–5.

tion 2000e–5(d) are not jurisdictional." *See* Defendants' Opposition to Motion for Remand at 5 n. 1. *Malone* merely holds that the requirement of filing a *timely* charge with the EEOC can be tolled so as not to deprive federal courts of jurisdiction of a Title VII action when the plaintiff initially resorts to contractual dispute resolution procedures before filing with the EEOC. *Malone,* 457 F.2d at 781. Defendants fail to mention that even this limited basis for preserving federal jurisdiction was ultimately rejected by the United States Supreme Court. *International Union of Electrical, Radio & Machine Workers v. Robbins & Myers, Inc.,* 429 U.S. 229, 97 S.Ct. 441, 50 L.Ed.2d 427 (1976) (the Court held that the statutory period for filing a charge with the EEOC is not tolled during the pendency of a grievance or arbitration proceeding under a collective bargaining agreement); *see also* Schlei & Grossman, *Employment Discrimination Law* 1055 (2d ed. 1983).

Defendants cite a potpourri of other cases in support of their interpretation of *Zipes* that filing with the EEOC is not a jurisdictional prerequisite to federal subject matter jurisdiction.[6] Not one of these cases support the proposition advanced by defendants. Indeed, in each case cited at least one plaintiff or interested party had filed a charge of discrimination with the EEOC.

This Court finds defendants' analysis of the cases cited to be completely unreasonable and meritless. This is especially surprising given the clear and instructive analysis of the applicable case law provided by the plaintiff in her initial brief. See Plaintiff Worrell's Notice of and Motion to Remand at 5–7. Because of defendants' unreasonable legal analysis, plaintiff sought sanctions in this action under Rule 11. Plaintiff Worrell's Reply to Defendants' Opposition to Motion to Remand at 2–5.

## SANCTIONS

Federal Rule of Civil Procedure 11 ("Rule 11"), as amended in 1983, states in relevant part:

> The signature of an attorney or party constitutes a certificate by him that he has read the pleading, motion, or other paper; that to the best of his knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.... If a pleading, motion, or other paper is signed in violation of this rule, the court, upon motion, or upon its own initiative, shall impose upon the person who signed it, a represented party, or both, an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the pleading, motion, or other paper, including a reasonable attorney's fee.

Recent decisions of the Ninth Circuit have interpreted Rule 11 as mandating sanctions in two broad areas: 1) for the filing of papers which are frivolous, and 2) for filing papers for an improper purpose. *Golden Eagle Distributing Corp. v. Burroughs Corp.,* 801 F.2d 1531, 1537–38 (9th Cir.1986); *Zaldivar v. Los Angeles,* 780 F.2d 823, 830–31 (9th Cir.1986).

Violations under Rule 11 are judged according to an objective reasonableness standard. *Id.* A paper that is filed in the district court and is signed by an attorney may be held frivolous if the arguments contained therein are "legally unreasonable, or without factual foundation, even though the paper was not filed in subjective bad faith." *Zaldivar,* 780 F.2d at 831. Because an attorney's signature on a paper or brief certifies that the attorney read the

---

**6.** *Stearns v. Consolidated Management, Inc.,* 747 F.2d 1105 (7th Cir.1984); *Liberles v. County of Cook,* 709 F.2d 1122 (7th Cir.1982); *Shannon v. Hess Oil Virgin Islands Corp.,* 100 F.R.D. 327 (D.V.I.1983); *Mason v. Connecticut,* 583 F.Supp. 729 (D.Conn.1984); *Thomas v. Florida Power & Light Co.,* 764 F.2d 768 (11th Cir.1985).

paper or brief and made a reasonable inquiry into the law and facts presented, an attorney is foreclosed from asserting personal ignorance as an excuse for a violation of Rule 11. *See* Schwarzer, *Sanctions Under the New Federal Rule 11—A Closer Look,* 104 F.R.D. 181, 186–87 (1985). While a court has discretion over the type of sanctions it may order for a Rule 11 violation, the duty to impose sanctions for a violation of Rule 11 is mandatory. *Golden Eagle Distributing Corp.,* 801 F.2d at 1540.

■ Based on the Court's aforementioned analysis of the applicable case law, and analysis of the relevant legal standards under Rule 11, this Court concludes that the arguments presented by defendants' counsel were so legally unreasonable and lacking in factual support as to justify plaintiff's request for sanctions in the form of attorney's fees and costs.

Defendants' counsel would have us believe that a revolutionary change has occurred in the jurisdictional requirements of the federal courts under Title VII that has escaped the attention of leading labor commentators, and that does not find support in one single reported case. Defendants' attorneys cite no case that modifies or limits the clear holding of the Ninth Circuit in *Serpe.* Worse still, defendants' attorneys cite a litany of cases for a proposition that is erroneous, including the opinion of the United States Supreme Court in *Zipes* in which the Court could not have been more explicit in defining the very limited nature of the issue that it addressed.

Defense counsel cannot escape sanctions on the assertion that their briefs were, at worst, a good faith argument for extension of the law.[7] Defense counsel's pleadings and oral argument expressed the unequivocal view that the *current* state of the law did not require filing a charge with the EEOC as a prerequisite to federal subject matter jurisdiction. Even if this Court were to assume defense counsel's briefs argued for an extension of the law, counsel's reliance on a clearly erroneous interpretation of *Zipes* and *Gibbs* does not meet the requisite good faith standard.

Defense counsel's undaunted persistence in asserting their erroneous interpretation of the law in spite of overwhelming contrary authority is ample proof that they failed to undertake a "reasonable inquiry" into the state of the law as required by Rule 11. This Court might understand a brief that asserts an erroneous proposition when the moving party admits to confusion in the case law. In the instant case, defense counsel admits to no confusion.

Defense counsel's experience in labor and employment law only compounds the severity of the violation of Rule 11. *Huettig & Schromm, Inc. v. Landscape Contractors Council of Northern California,* 582 F.Supp. 1519, 1522 (N.D.Cal.1984), *aff'd,* 790 F.2d 1421 (9th Cir.1986). Local counsel is a partner in the firm of Littler, Mendelson, Fastiff & Tichy, which regards itself as preeminent in the field of labor and employment law.[8] Counsel appearing *pro hac vice,* who argued defendants' briefs before the Court, served four years in the appellate branch of the National Labor Relations Board. That counsel with extensive experience in the area of labor and employment law could assert such an erroneous view of the law regarding Title VII raises a strong inference that there was an improper purpose behind the pleadings. *Id.*

This Court recognizes that plaintiff's state court complaint stated facts sufficient to warrant removal to federal court. However, plaintiff's motion to remand, dated

---

7. This Court is not unmindful of the guidance provided to courts by the recent decision of the Ninth Circuit in *Golden Eagle Distributing Corp.* regarding the imposition of Rule 11 sanctions. Accordingly, the decision to impose Rule 11 sanctions in the instant case is not based on defense counsel's failure to cite directly contrary authority or to identify whether their argument is based on current law or calls for an extension of existing law. Rather, Rule 11 sanctions are imposed here because counsel's argu-

ments are based on a thoroughly unreasonable interpretation of current law *and* lack sufficient good faith to be a proper basis for seeking an extension of or change in existing law.

8. This Court is very well aware that this is not the first time Littler Mendelson has run afoul of Rule 11 in a proceeding before a court in this district. *See Huettig & Schromm,* 582 F.Supp. at 1522–23.

December 26, 1986, established beyond doubt that there was no legal or factual basis upon which to assert federal jurisdiction and that a remand to state court was fully justified. Consequently, defendants' opposition to the motion to remand was unwarranted and in violation of Rule 11.

■ Plaintiff's counsel is instructed to submit to this Court by 5:00 p.m., March 9, 1987, a detailed bill for expenses in preparing their Reply brief of January 22, 1987, including, but not limited to, reasonable attorney fees. Upon receipt of the bill from plaintiff's counsel, this Court will order defendants' counsel to pay to plaintiff as sanctions under Rule 11 all expenses this Court deems reasonable.[9] Defendants' counsel are further directed to certify to this Court that no portion of these expenses are to be charged to, or paid by, counsel's client.

IT IS SO ORDERED.

---

**9.** "Rule 11 is entitled 'Signing of Pleadings, Motions, and Other Papers; Sanctions.' An attorney's *signature* on a paper filed in federal court certifies that the attorney has read the paper and that its contents are well grounded in fact and warranted by existing law or a good faith argument for extension of the law.

The Court is aware that Littler, Mendelson, Fastiff & Tichy and Sachnoff, Weaver & Rubenstein, Ltd. (the Sachnoff form) have privately agreed that, as between the two law firms, responsibility for the conduct that led to the Rule 11 sanctions in the Orders of February 27 and March 16, 1987 properly lies with the Sachnoff firm. Accordingly, the Sachnoff firm has agreed to pay the full amount of the sanctions ordered to plaintiff's counsel.

This private agreement between the law firms representing defendants in no way diminishes the responsibility under Rule 11 of all counsel who signed the papers submitted to this Court."