898 F.2d 684
 52 Fair Empl.Prac.Cas. 479,
52 Empl. Prac. Dec. P 39,704, 16 Fed.R.Serv.3d 205
 Ida HUDSON, Plaintiff-Appellee,
v.
MOORE BUSINESS FORMS, INC., Defendant,
and
Littler, Mendelson, Fastiff & Tichy, a professional
corporation; Wesley J. Fastiff; Henry D.
Lederman; Maureen E. McClain, Appellants.
 No. 88-15303.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted Nov. 16, 1989.
Decided Feb. 27, 1990.
 
 Gary P. Scholick, Littler, Mendelson, Fastiff & Tichy, San Francisco, Cal., for appellants.
 Marilyn Mac Rae, Oakland, Cal., for plaintiff-appellee.
 Appeal from the United States District Court for the Northern District of California.
 Before FARRIS, PREGERSON and RYMER, Circuit Judges.
 
 ORDER
 
 1
 The Memorandum disposition filed December 13, 1989, is ordered amended, the disposition designated as an authored opinion for publication, and the attached Opinion is ordered filed.
 
 
 2
 The petition for rehearing filed December 27, 1989, is DENIED.
 
 OPINION
 FARRIS, Circuit Judge:
 
 3
 Littler, Mendelson, Fastiff & Tichy appeals the district court's decision to assess over $6,000 in sanctions against the law firm and individual attorneys for pursuing frivolous claims in violation of rule 11. The sanctions include 2 elements: (1) attorney's fees for the time Hudson's counsel spent in opposing the sanctionable claims; and (2) a $2,000 deterrent sanction. Littler opposes the first component of the sanctions as excessive and the second as unwarranted and violative of due process. We hold that the district court's sanctions were reasonable and we affirm. We remand, however, to permit the district court to adapt its sanctions award to the recent mandate of the Supreme Court that only individual attorneys are subject to Rule 11 sanctions.
 
 BACKGROUND
 
 4
 The tortuous path of this litigation began in early 1984 when Ida Hudson brought a sex discrimination suit against her employer, Moore Business Forms, claiming $4.2 million in damages. Littler, Mendelson, Fastiff & Tichy represented Moore in that suit. Moore, with Littler as counsel, counterclaimed against Hudson, also requesting $4.2 million in damages, based on arguments the district court found were "without the support of any reasonable factual or legal basis." Hudson v. Moore Business Forms, Inc., 609 F.Supp. 467, 484 (N.D.Cal.1985). As a result, the district court ordered Rule 11 sanctions against Littler and the individual attorneys who signed the counterclaim in the amount of $14,692.50, the cost of Hudson's attorney's fees to oppose the frivolous counterclaim. Littler appealed, and we found that Moore's counterclaims were plausible and so not sanctionable, but we agreed with the district court's findings that Moore's damages claims were "frivolous and brought to harass Hudson." Hudson v. Moore Business Forms, Inc., 836 F.2d 1156, 1160-63 (9th Cir.1987). We then remanded and directed the district court to recalculate the sanction award, based only on the frivolous damages claim. Id. at 1163-64.
 
 
 5
 On remand, the district court found that 34.2 of the 103.2 hours that Hudson's counsel spent responding to the counterclaim were directly attributable to the damages claim. The court also awarded costs for 25% of the remaining 69 hours (17.27 hours), finding that this percentage of the time spent investigating the validity of Moore's claims was integrally related to the investigation of the damage prayer. The court found that punitive damages were inappropriate, but levied $2,000 in deterrence sanctions against Littler. Littler appeals this deterrence sanction as well as the inclusion of attorney's fees for the 17.27 hours not directly related to the damages claim. Littler also contends that the district court failed to consider Hudson's duty to mitigate.
 
 I.
 THE $2,000 DETERRENCE SANCTION
 
 6
 Littler argues that the district court assessed the $2,000 deterrence sanction in violation of due process. Littler correctly states that the district court must afford it procedural protections before levying sanctions under Rule 11. See Tom Growney Equip. v. Shelley Irr. Development, 834 F.2d 833, 835 (9th Cir.1987); Miranda v. Southern Pacific Transp. Co., 710 F.2d 516, 522 (9th Cir.1983); Advisory Committee Note to Rule 11, 97 F.R.D. 165, 201 (1983). The necessary protections are notice and an opportunity to respond. Tom Growney, 834 F.2d at 836.
 
 
 7
 We find that the district court provided Littler the process that was due. Hudson notified Littler that she was requesting additional damages both orally and in writing several times. Littler addressed this issue in its briefs to the district court. The fact that Littler did not have an opportunity to respond orally is unpersuasive. The parties were given a full opportunity to respond in writing. See Donaldson v. Clark, 819 F.2d 1551, 1560 & n. 12 (11th Cir.1987) (citing Oliveri v. Thompson, 803 F.2d 1265, 1280 (2d Cir.1986), cert. denied, 480 U.S. 918, 107 S.Ct. 1373, 94 L.Ed.2d 689 (1987); Brown v. National Bd. of Medical Examiners, 800 F.2d 168 (7th Cir.1986); Roberts v. Ace Hardware, Inc., 779 F.2d 52 (6th Cir.1985); Davis v. Veslan Enterprises, 765 F.2d 494, 496, 500 & n. 12 (5th Cir.1985)). The district court held a full sanctions hearing and was intimately familiar with the sanctioned conduct and the lawyers involved. The requirements of due process were satisfied.
 
 
 8
 Littler's additional argument, that it was not given an opportunity to respond to Hudson's citation of Worrell v. Uniforms to You & Co., 673 F.Supp. 1461 (N.D.Cal.1987), is unpersuasive. The district court relied on Worrell as only one of many factors it used in determining proper sanctions. Worrell was not determinative and Littler was not deprived of due process because it failed to brief this issue. In sum, we find that the district court afforded Littler all the process that was necessary to safeguard its rights in regard to the sanctions.
 
 II.
 THE ADDITIONAL 17.27 HOURS
 
 9
 Littler challenges the district court's award of fees for 17.27 hours of work that were only indirectly related to the sanctionable damages claim. Littler argues that these hours are totally unrelated to the damages claim and therefore awarding fees for this time is contrary to our instructions to the district court that only the damages claims were sanctionable. Hudson, 836 F.2d at 1163-64.
 
 
 10
 This argument misconstrues the district court's findings. The district court awarded the additional 17 hours of attorney's fees precisely because they were related to the damages claim. The district court found that the damages prayer and the legal claims were so closely connected that it was appropriate to allocate 25% of the time spent investigating the claims to the sanction award. It is reasonable to conclude that much of the time spent investigating the legal claims were interrelated with the frivolous prayers for relief, given the complexity of the legal claims. The district court acted well within its discretion in making this determination.
 
 III.
 THE DUTY TO MITIGATE
 
 11
 Littler, citing Thomas v. Capital Sec. Services, Inc., 836 F.2d 866, 879 (5th Cir.1988), contends that the district court erred by awarding fees for work not " 'reasonably necessary to resist the offending' prayer for relief," because some of Hudson's fees " 'could have been avoided or were self-imposed.' " See also Matter of Yagman, 796 F.2d 1165, 1185 (9th Cir.1986) (recognizing duty to mitigate in cases of Rule 11 sanctions), amended, 803 F.2d 1085 (1986), cert. denied, 484 U.S. 963, 108 S.Ct. 450, 98 L.Ed.2d 390 (1987). Littler proposes that a motion to strike the offending damages prayer would have been a more efficient means of redress than the summary judgment motion opposing the entire counterclaim that Hudson pursued.
 
 
 12
 Littler misconstrues Rule 11. The mitigation requirement ensures that Rule 11 sanctions do not themselves create the hemorrhage of litigation that the rule was designed to stanch. See Yagman 796 F.2d at 1185 ("[T]he court [should] consider any misconduct on the part of defense counsel which may have contributed to the protraction of this lawsuit.") (footnote omitted). See also United Food & Comm. Workers Local No. 115 v. Armour and Co., 106 F.R.D. 345, 350 (N.D.Cal.1985) ("The duty ... of mitigation ... rests on the concept that the victim of a frivolous lawsuit must use reasonable means to terminate the litigation and to prevent the costs of that frivolous suit from becoming excessive."). Hudson did not needlessly or frivolously bring her summary judgment motion. In fact, summary judgment against the entire counterclaim was the most expeditious way of terminating this litigation. Littler was not prejudiced by the fact that Hudson did not use the least expensive alternative, because the district court only assessed fees against Littler for the portions of the summary judgment work that were related, either directly or indirectly, to the damages claim.
 
 IV.
 INDIVIDUAL LIABILITY
 
 13
 Finally, we must address the Supreme Court's recent pronouncement in Pavelic & Leflore v. Marvel Entertainment Group, --- U.S. ----, 110 S.Ct. 456, 107 L.Ed.2d 438 (1989), that Rule 11 sanctions apply only to individual attorneys. According to Pavelic, only the individual attorneys who signed the counterclaim, and not the entire Littler firm, may be sanctioned. We therefore remand to permit the district court to adapt its sanctions award to the mandate of the Pavelic decision.
 
 
 14
 AFFIRMED AND REMANDED.