51 F.3d 281
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
LIFECARE INTERNATIONAL, INC., Plaintiff,
and
Yasin Olabi and Yasin Olabi, Inc., Appellants,
v.
CORDIS CORPORATION and Cordis International Corporation,
Defendants/Appellees.
 Nos. 93-56094, 94-55026.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Feb. 6, 1994.
Decided March 2, 1995.
 
 1
 IN PART AND DISMISSED IN PART.
 
 
 2
 Before: BRUNETTI and KOZINSKI, Circuit Judges and SHADUR,* Senior District Judge.
 
 
 3
 MEMORANDUM**
 
 
 4
 Yasin Olabi and Yasin Olabi, Inc. (collectively "Olabi," treated as a plural noun) bring two appeals stemming from their third-party involvement in litigation between Lifecare International, Inc. ("Lifecare") and Cordis Corporation and Cordis International Corporation (collectively "Cordis," also treated as a plural noun). Because the underlying litigation between Lifecare and Cordis has now been settled, all issues relating to the discovery disputes in which Olabi had been embroiled are moot. That calls for (1) the dismissal of the appeal in No. 94-55026 and (2) the limitation of the appeal in No. 93-56094 to the issue of the district court's imposition of a Fed.R.Civ.P. ("Rule") 11 sanction of $2,500 on Olabi.
 
 
 5
 In that latter respect Olabi's Br. 12 appeared to complain in part that Cordis had given inadequate notice of their desire to seek sanctions for Olabi's motion for reconsideration before the district court. As indicated hereafter, any such contention would have been at odds with the facts. But during oral argument Olabi's counsel stated their claim more narrowly--pointing instead to the lack of notice and of an evidentiary hearing as to the amount that was ultimately imposed as sanctions by the district court. In all events Olabi's claim (however framed) cannot succeed:
 
 
 6
 1. It was entirely reasonable for the district court to determine in its discretion that Olabi's persistence in rearguing already-decided issues in their motion for reconsideration of the discovery order constituted a Rule 11 violation. On that score due process required only what Olabi was indeed provided--notice and an opportunity to respond to that question. Hudson v. Moore Business Forms, Inc., 898 F.2d 684, 686 (9th Cir.1990).
 
 
 7
 2. During the time at issue here (before the December 1993 amendments to the Rule), Rule 11 mandated that some sanction must be imposed once a violation had been found. Where such Rule 11 sanctions are based on the attorney's fees claimed by the other party (and particularly where the amount is large), it is essential that the "award be quantifiable with some precision and properly itemized in terms of the perceived misconduct and the sanctioning authority." In re Yagman, 796 F.2d 1165, 1184 (9th Cir.1986), amended in another respect, 803 F.2d 1085 (9th Cir.1986). But where as here the amount is comparatively modest and is imposed by way of deterrence rather than for fee-shifting purposes, the manner in which the district court dealt with the issues comported fully with due process and did not involve an abuse of discretion. Hudson, 898 F.2d at 686.
 
 
 8
 Although the merits are therefore resolved against Olabi, no further sanctions will be assessed for their pursuit of the current appeals.
 
 
 9
 * * *
 
 
 10
 Appeal No. 94-55026 is DISMISSED. Appeal No. 93-56094 is DISMISSED on all issues except sanctions and AFFIRMED as to sanctions.
 
 
 
 *
 Honorable Milton I. Shadur, Senior United States District Judge for the Northern District of Illinois, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3