97 F.3d 1460
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
OJAVAN INVESTORS, INC.; Port Lemore Corporation; Sutton
Properties, Inc.; Sealubber, Inc.; Pakid Holdings; Maleck
Agency, Ltd.; Quelimane Co.; MTG Alliance Corp.; Highland
Group, Inc.; P.U. Enterprises; Peter D. Bogart,
Plaintiffs-Appellants,
v.
CALIFORNIA COASTAL COMMISSION; Superior Court, State of
California, County of Los Angeles, Defendants-Appellees.
OJAVAN INVESTORS, INC.; Port Lemore Corporation; Sutton
Properties, Inc.; Sealubber, Inc.; Pakid Holdings; Maleck
Agency, Ltd.; Quelimane Co.; MTG Alliance Corp.; Highland
Group, Inc.; P.U. Enterprises; Peter D. Bogart,
Plaintiffs-Appellants,
v.
CALIFORNIA COASTAL COMMISSION; Superior Court, State of
California, County of Los Angeles, Defendants-Appellees.
 No. 95-55298, 95-55664.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted May 8, 1996.
Decided Sept. 12, 1996.
 
 Before: HALL, O'SCANNLAIN, and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Plaintiff-Appellant Ojavan Investors Inc. ("Ojavan") challenges the district court order levying Rule 11 sanctions in the amount of $9,975 against it and its counsel. We affirm.
 
 
 3
 Ojavan contends that it was denied procedural due process because Judge Hatter failed to articulate his reasons for levying Rule 11 sanctions. Rule 11 states that "[w]hen imposing sanctions, the court shall describe the conduct determined to constitute a violation of this rule and explain the basis for the sanction imposed." Fed.R.Civ.P. 11(c)(3) (emphasis added). Because Judge Hatter's order did not describe the conduct determined to be in violation or include his reasons for levying sanctions against Ojavan, we remanded this case to the district court for the sole purpose of allowing Judge Hatter an opportunity to explain his reasons for imposing sanctions, but we retained jurisdiction over the matter.
 
 
 4
 Judge Hatter has since issued an order stating that he imposed Rule 11 sanctions because the complaint was barred by the abstention doctrine and therefore frivolous. He also noted that plaintiff's attempt to file an amended complaint without leave of the court was inappropriate and futile.
 
 
 5
 Procedural due process in this context requires only that Ojavan be given notice and an opportunity to respond to the motion for sanctions. Hudson v. Moore Business Forms, Inc., 898 F.2d 684, 686 (9th Cir.1990); see Zimmerman v. Bishop Estate, 25 F.3d 784, 790 (9th Cir.1993), cert. denied, 115 S.Ct. 637 (1994). Here, Ojavan had the benefit of both procedural protections: the Commission served its motion for sanctions on Ojavan and Ojavan was given the opportunity to file an opposition brief.[1] Furthermore, the district court has articulated its reasons for imposing sanctions. Therefore, we find no violation of procedural due process.
 
 
 6
 Although Ojavan argues that the court abused its discretion in imposing Rule 11 sanction, this argument is wholly meritless. As noted above, Ojavan's complaint was defective because it was barred by the abstention doctrine. Younger v. Harris, 401 U.S. 37, 40-41 (1971); Hirsh v. Justices of Supreme Court of California, 67 F.3d 708, 712 (9th Cir.1995). Furthermore, the request for a preliminary injunction to stay the state court contempt proceedings was barred by the Anti-Injunction Act, 28 U.S.C. § 2283. Lou v. Belzberg, 834 F.2d 730, 739 (9th Cir.1987), cert. denied, 485 U.S. 993 (1988).[2]
 
 
 7
 Given the plethora of precedent barring Ojavan's federal complaint, we find the district court did not abuse its discretion in awarding Rule 11 sanctions in the form of the Commission's reasonable attorney's fees.
 
 
 8
 We AFFIRM.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Ojavan also argues, somewhat obliquely, that the district court violated Ojavan's procedural due process rights by failing to hold oral argument. Procedural due process does not require that the court hold an oral argument. Hudson, 898 F.2d at 686. Furthermore, under the Central District Local Rules, the court may on its own prerogative dispense with oral argument. Central District of California Local R. 7.11
 
 
 [2]
 Ojavan argues that by amending the complaint, it cured any legal defect with the pleading. Thus, it contends that sanctions were levied in error. However, we note that Ojavan's amendment could not cure the manifest legal defects in the pleading. Accordingly, its argument is without merit