**Fred BOSLEY, Plaintiff—Appellee,**

v.

**SPECIAL DEVICES, a Nevada corporation; et al., Defendants—Appellants.**

**No. 03–16627.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 18, 2005.

Decided May 2, 2005.

Ronald J. Kohut, Esq., Kohut and Kohut, Santa Rosa, CA, for Plaintiff—Appellee.

Sharon L. Lapin, Esq., San Rafael, CA, for Defendants—Appellants.

Before: THOMAS, PAEZ, and CALLAHAN, Circuit Judges.

## MEMORANDUM *

Defendants-appellants Special Devices Inc. ("SDI") and Joseph Spranza, referred to collectively as "Spranza," appeal an award of restitution, prejudgment interest, attorney's fees, and punitive damages in favor of the plaintiff-appellee Fred Bosley in this securities fraud action. We have jurisdiction under 28 U.S.C. § 1291, and we affirm. We deny plaintiff's motion for sanctions.

This action arises out of two purchases of SDI stock by Bosley. Bosley purchased 300 shares of SDI stock at $250 per share, for a total cost of $75,000 on July 26, 1995, and 250 shares of SDI stock for $70,000 cash and $30,000 in consulting services on March 26, 1996.

We find none of Spranza's arguments on appeal to be meritorious.

1. Spranza contends that the district court erred in finding that the state securities fraud action was not barred by the statute of limitations under California Corporations Code § 25506. We hold otherwise. The defendants have not shown that the district court clearly erred in finding that Bosley lacked inquiry notice of their alleged fraud prior to June of 1998.[1] The record does not show that Bosley had access to information that should have put him on notice of fraud. Although some investors might have grown suspicious at an earlier date, defendants have not demonstrated that a reasonable investor in Bosley's shoes would have done so.

2. Spranza next asserts that the district court erred by concluding that defen-

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. Although this court generally reviews the district court's rulings on statute of limita-

tions issues de novo, it reviews the district court's factual findings regarding when a cause of action accrued for clear error. *Naas v. Stolman,* 130 F.3d 892, 893 (9th Cir.1997); *Rose v. United States,* 905 F.2d 1257, 1259 (9th Cir.1990).

dants violated California Corporations Code § 25401 because there was no material misrepresentation in connection with the sale of the stock. A review of the record shows several omissions or misrepresentations that a reasonable investor in Bosley's position would have found to be material.[2] Thus, the district court did not err.

3. Spranza also argues that the district court erred in dismissing his $30,000 counterclaim against Bosley. We disagree. Under California Civil Code § 1512, a party is entitled to full payment on a contract if he is prevented from fulfilling his contractual obligations by the other party. The record supports the district court's determination that Bosley did not have access to the necessary financial and other data to complete his contractual tasks.

4. Spranza claims that he was unduly prejudiced by the district judge's sidebar with counsel during trial in which the judge informed counsel that he wished to hear testimony on the materiality issue. We disagree. Spranza did not object to the district court's sidebar conference, and has not shown how the district court erred by discussing this issue with counsel. *United States v. Laurins*, 857 F.2d 529, 537–38 (9th Cir.1988), *cert. denied*, 492 U.S. 906, 109 S.Ct. 3215, 106 L.Ed.2d 565 (1989); *Williams v. United States*, 93 F.2d 685, 690 (9th Cir.1937).

■ 5. Spranza asserts that Bosley's Rule 10b(5) claim failed to demonstrate that the misrepresentations caused Bosley to suffer a loss, and that the stock is currently worth more than what Bosley paid for it. The parties have acknowledged that the SDI stock was worth approximately $8 per share at the time of trial. This is clearly less than the $250 per share Bosley paid in the first transaction, or the $400 per share paid in the second transaction.[3] Assuming the $8 per share price, if Bosley now owns 550 shares, his $175,000 investment was worth $4,400 at the time of trial. This is sufficient to demonstrate that Spranza's misrepresentation "touch[ed] upon the reasons for the investment's decline in value." *See Binder v. Gillespie*, 184 F.3d 1059, 1066 (9th Cir. 1999) (quoting *McGonigle v. Combs*, 968 F.2d 810, 821(9th Cir.1992)). We therefore conclude that the district court did not err in finding the loss causation element of securities fraud was satisfied.

■ 6. Spranza's claim that the punitive damages award was excessive also lacks merit. We review de novo whether a punitive damages award is constitutionally excessive. *See State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 418, 123 S.Ct. 1513, 155 L.Ed.2d 585 (2003). Under the first prong of the federal test for a constitutionally excessive punitive damages award, we conclude that Spranza's actions were sufficiently "reprehensible," because they were repeated, rather than isolated, and the securities fraud involved intent and deceit. *See id.* at 419, 123 S.Ct. 1513. Second, the award of $150,000 in punitive damages was not disproportionate to the $175,000 in rescission damages awarded. *See id.* at 425, 123 S.Ct. 1513. Third, Spranza did not contend that there is a disparity between the punitive damages

---

**2.** For example, Spranza admitted that he informed Bosley about SDI's patent on the bone density gage prior to the first sale of stock, but did not tell him the patent had expired. In addition, the defendants made several misleading statements about the company's long-term profitability.

**3.** Although Spranza indicated that there may have been an intervening stock split, he has not provided sufficient support for this assertion.

awarded and "civil penalties authorized or imposed in comparable cases." *See BMW of North America, Inc. v. Gore,* 517 U.S. 559, 575, 116 S.Ct. 1589, 134 L.Ed.2d 809 (1996). Thus, we conclude that the punitive damages award was not constitutionally excessive.

Under California law, in determining whether a punitive damages award is excessive, we must additionally consider the defendant's financial condition. *See Bardis v. Oates,* 119 Cal.App.4th 1, 24–25, 14 Cal.Rptr.3d 89 (3d Dist.2004). In light of his financial condition, Spranza has not demonstrated that the award of punitive damages was unwarranted. *See id.; Adams v. Murakami,* 54 Cal.3d 105, 284 Cal.Rptr. 318, 813 P.2d 1348, 1357 (1991). We therefore affirm the district court's award of punitive damages.

7. Spranza contends that the district court violated the appellants' due process rights by not holding oral argument concerning Bosley's motion for attorney's fees. As Spranza did not file a separate notice of appeal on this issue, we lack jurisdiction over the issue of whether the district court erred in awarding attorney's fees. *See Leslie v. Grupo ICA,* 198 F.3d 1152 (9th Cir.1999).[4]

In addition, we have considered Bosley's motion to award sanctions against Spranza under Federal Rule of Appellate Procedure 38, and decline to award sanctions. *Napili Shores Condominium Homeowners' Ass'n v. N.L.R.B.,* 939 F.2d 717, 721 (9th Cir.1991).

---

4. Even if we had jurisdiction over this issue, the argument fails on its merits. Spranza was provided with notice of the motion, and an opportunity to respond. Accordingly, no due process violation resulted. *Hudson v. Moore Business Forms,* Inc., 898 F.2d 684, 686 (9th Cir.1990); *see also* FED. R. CIV. P. 78; *Morrow v. Topping,* 437 F.2d 1155, 1156 (9th Cir.1971) (finding that failure to hold oral argument on a motion to dismiss was neither

Accordingly, the district court's judgment is AFFIRMED.

an abuse of discretion or a denial of due process).

