958 F.2d 377
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Robert C. LORBEER, Plaintiff/Appellant,
Daniel Bartley, Appellant,
v.
AMERICAN TELEPHONE & TELEGRAPH COMPANY; AT & T
Technologies, Inc.; AT & T Information Systems,
Inc.; AT & T Federal Systems,
Defendants/Appellees.
 No. 91-15218.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 11, 1992.*
Decided March 20, 1992.
 
 Before FARRIS, CHOY and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 I. Judgment on the Pleadings
 
 2
 Judgment on the pleadings is proper when the moving party clearly establishes on the face of the pleadings that no material issue of fact remains to be resolved and that it is entitled to judgment as a matter of law. Hal Roach Studios v. Richard Feiner and Co., 896 F.2d 1542, 1550 (9th Cir.1990).
 
 
 3
 Constructive discharge occurs when an employee resigns in the face of intolerable or aggravated conditions sufficient to cause a reasonable person to quit. Soules v. Cadam Inc., 3 Cal.Rptr.2d 6, 10 (Cal.Ct.App.1991). It is uncontested that Robert Lorbeer's salary, title and commissions remained the same after his supervisor told him to "quit or be fired." Lorbeer did not resign until five months after the April conversation. The district court properly granted judgment on the pleadings. Since Lorbeer was not constructively discharged, we need not consider his various claims for wrongful discharge. See Sanchez v. California Unemp. Ins. Appeals Board, 250 Cal.Rptr. 501, 508-510 (1984) (employee who resigns merely in anticipation, real or fancied, of a future possible discharge has not met standard). See also Soules, 3 Cal.Rptr.2d at 11.
 
 II. Summary Judgment
 
 4
 Summary judgment is proper where it is established that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317 (1986). We affirm the district court's grant of summary judgment on Lorbeer's remaining claims.
 
 
 5
 Lorbeer acknowledges, as he must, that he had neither a written nor express employment contract with AT & T. Lorbeer's employment record reflects that he was subject to criticism by clients, co-workers and superiors for his work on the Navy contract. It is undisputed that AT & T took steps to improve Lorbeer's job performance, and that Lorbeer refused to take a writing certification course. Lorbeer's vague testimony to the contrary does not raise a genuine issue of material fact. See Schneider v. TRW, Inc., 938 F.2d 986, 990-991 (9th Cir.1991).
 
 
 6
 Lorbeer's claim that AT & T breached the implied covenant of good faith and fair dealing must also fail. Since AT & T could terminate Lorbeer at will, any constructive discharge did not violate the covenant of good faith and fair dealing. See Foley v. Interactive Data Corp., 254 Cal.Rptr. 211, 238 n. 39 (1988) (no implied covenant in the absence of an agreement to terminate for good cause). Because AT & T has demonstrated that it paid Lorbeer all outstanding commissions, the district court properly granted summary judgment on the quantum meruit claim as well.
 
 
 7
 Lorbeer has failed to meet the standard for sexual harassment. See Brady v. Elixir Indus., 242 Cal.Rptr. 324, 328 (Cal.Ct.App.1987) (constructive discharge results where the actions or conditions are objectively intolerable at the time of employee's resignation). Lorbeer's "isolated epithets" are insufficient to support a sexual harassment claim. Ellison v. Brady, 924 F.2d 872, 878 (9th Cir.1991).
 
 
 8
 Finally, Lorbeer cannot turn his contractual wrongful discharge claim into a negligent supervision tort claim. Hine v. Dittrich, 278 Cal.Rptr. 330, 333 (Cal.Ct.App.1991). Lorbeer's negligence per se claim also fails because he has not identified a specific, relevant statutory violation, or shown that he was a member of the protected class. See Cal.Evid.Code § 669 (1967).
 
 III. Pleading Amendment
 
 9
 The district court may deny leave to amend a pleading upon a showing of: 1) undue delay; 2) prejudice to the other party; 3) bad faith; or 4) futility. Roth v. Garcia-Marquez, 942 F.2d 617, 628 (9th Cir.1991). We agree with the district court's denial because Lorbeer's request was long overdue and futile. See Schlacter-Jones v. General Tel., 936 F.2d 435, 443 (9th Cir.1991) (upholding refusal to amend where three of four causes of action were futile).
 
 IV. Recusal
 
 10
 28 U.S.C. § 455(b)(1) requires recusal if the judge has a "personal bias or prejudice concerning a party." Bartley points to nothing to corroborate his bias theory. The district court did not abuse its discretion. See United States v. Payne, 944 F.2d 1458, 1476 (9th Cir.1991). See also United States v. Sears, Roebuck & Co., 785 F.2d 777, 780 (9th Cir.1985), cert. denied, 479 U.S. 988 (1986) (recusal unnecessary in the absence of evidence suggesting bias).
 
 V. Sanctions
 
 11
 Rule 11 requires that all pleadings, motions and other papers filed with the court must be, to the best of the attorney's knowledge, "well grounded in fact" and "warranted by existing law or a good faith argument for extension, modification, or reversal of existing law." Fed R.Civ.P. 11. A judge must impose sanctions for attorney's filings that are: 1) factually frivolous; 2) legally frivolous; or 3) interposed for an improper purpose. Business Guides v. Chromatic Com. Enterprises, 892 F.2d 802, 808 (9th Cir.1989), aff'd, 111 S.Ct. 922 (1991). We review Rule 11 determinations for an abuse of discretion. Cooter & Gell v. Hartmarx Corp., 110 S.Ct. 2447, 2461 (1990).
 
 
 12
 None of attorney Daniel Bartley's arguments persuade us that the district court abused its discretion. Bartley was properly sanctioned for only his federal filings. See Hurd v. Ralphs Grocery Co., 824 F.2d 806, 809 (9th Cir.1987). The district court levied reasonable sanctions. See In re Yagman, 796 F.2d 1165, 1184 (9th Cir.1986). Finally, the sanctions process gave Bartley adequate due process. See Hudson v. Moore Business Forms, Inc., 898 F.2d 684, 686 (9th Cir.1990).
 
 
 13
 AT & T seeks costs for this appeal. See Fed.R.App.P. 38. We have the discretion to award "just damages and single or double costs," as well as attorney's fees, for a frivolous appeal. Scott v. Younger, 739 F.2d 1464, 1467 (9th Cir.1984).
 
 
 14
 The outcome of this case was certain. Lorbeer and Bartley have presented little to support their appeal, but in consideration of the sanctions levied against Bartley, we decline to award additional costs.
 
 
 15
 Each party shall bear its own costs.
 
 
 16
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this Circuit except as provided by Ninth Circuit Rule 36-3