74 F.3d 183
 96 Cal. Daily Op. Serv. 356, 96 Daily Journal
D.A.R. 565
Michael L. SALSTROM, et al., Plaintiffs,
and
Gregory Lamont Gudger, Appellant,
v.
CITICORP CREDIT SERVICES, INC.; Financial Assistance
Incorporation, a Washington corporation; Continental
Credit, a Washington corporation; Larry Aldi; Gus Carlson;
Citibank (South Dakota) NA, a South Dakota corporation,
Defendants-Appellees.
Michael L. SALSTROM, et al., Plaintiffs,
and
Dean Browning Webb, Appellant,
v.
CITICORP CREDIT SERVICES, INC.; Financial Assistance
Incorporation, a Washington corp., Defendants-Appellees.
 Nos. 94-35816, 94-35849.
 United States Court of Appeals,
Ninth Circuit.
 Submitted Nov. 15, 1995.*
Decided Jan. 17, 1996.
 
 Thomas W. Sondag, Lane Powell Spears Lubersky, Portland, Oregon, for appellant Gregory L. Gudger.
 Alfredo Wheelock, Portland, Oregon, for appellant Dean Browning Webb.
 John L. Langslet and Julie K. Bolt, Martin, Bischoff, Templeton, Langslet & Hoffman, Portland, Oregon, for defendants-appellees.
 Appeals from the United States District Court for the District of Oregon.
 Before: BROWNING, RYMER, and T.G. NELSON, Circuit Judges.
 RYMER, Circuit Judge:
 
 
 1
 Gregory Lamont Gudger and Dean Browning Webb appeal the district court's order imposing monetary sanctions under 28 U.S.C. Sec. 1927 and nonmonetary sanctions under the court's inherent power. Their primary argument is that denial of Rule 11 sanctions forecloses sanctions under Sec. 1927. We disagree, and affirm.
 
 
 2
 * Gudger and Webb contend that because the district court declined to impose sanctions under Fed.R.Civ.P. 11, the court is precluded from imposing sanctions under 28 U.S.C. Sec. 1927. This argument fails because a court's findings under Rule 11 have no legally binding effect upon that court's subsequent ability to impose sanctions under Sec. 1927. See Zaldivar v. City of Los Angeles, 780 F.2d 823, 830 (9th Cir.1986) (Rule 11 "does not repeal or modify existing authority of federal courts to deal with abuses of counsel under 28 U.S.C. Sec. 1927"), abrogated on other grounds in Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 110 S.Ct. 2447, 110 L.Ed.2d 359 (1990).
 
 
 3
 Gudger and Webb direct us to N.A.A.C.P.--Special Contribution Fund v. Atkins, 908 F.2d 336 (8th Cir.1990), in which the Eighth Circuit stated that while Rule 11 requires only a finding of objectively unreasonable behavior, "[t]his court has indicated that the language of Sec. 1927 appears to require both a finding of objectively unreasonable behavior and a finding of bad faith." Id. at 340. Our colleagues concluded that where the district court had not found objectively unreasonable behavior under Rule 11, it could not subsequently find objectively unreasonable behavior under Sec. 1927; therefore, the imposition of Sec. 1927 sanctions was improper. Id. Gudger and Webb's reliance on N.A.A.C.P. is misplaced because, unlike the Eighth Circuit, we have not interpreted Sec. 1927 to require a finding of objectively unreasonable behavior; a finding of subjective bad faith is sufficient. See, e.g., MGIC Indem. Corp. v. Moore, 952 F.2d 1120, 1122 (9th Cir.1991) (noting that Sec. 1927 "requires a finding of bad faith" and that "[w]e assess an attorney's bad faith under a subjective standard").
 
 
 4
 Accordingly, the court's decision to impose Sec. 1927 sanctions after having declined to impose Rule 11 sanctions was not an abuse of discretion.
 
 II
 
 5
 Gudger and Webb next contend that the district court lacked a sufficient basis for its finding of bad faith. Such a finding is required both for the imposition of monetary sanctions under Sec. 1927, MGIC, 952 F.2d at 1122, and for the imposition of nonmonetary sanctions under the court's inherent power, Roadway Express, Inc. v. Piper, 447 U.S. 752, 767, 100 S.Ct. 2455, 2464, 65 L.Ed.2d 488 (1980).
 
 
 6
 The court made its finding of bad faith on the basis of three factors: the number and length of the pleadings, the timing involved in many of the filings, and the substance of the claims asserted. Gudger and Webb's argument that no single factor, considered alone, would justify a finding of bad faith simply misses the point: It was the combination of these factors, converting a "simple straightforward debt collection action into a full-fledged assault," that prompted the court to impose sanctions. This finding is supported by the record and does not constitute an abuse of discretion.
 
 III
 
 7
 Gudger and Webb contend that the Sec. 1927 sanctions constitute impermissible postjudgment retribution, relying primarily on In re Yagman, 796 F.2d 1165, amended on other grounds, 803 F.2d 1085 (9th Cir.1986). They read Yagman to prohibit the district court from waiting until the end of trial to impose sanctions. Although Yagman does endorse the imposition of sanctions as soon as the misconduct occurs, it goes on to note that "by this we do not condemn as inappropriate in all cases the procedure of withholding the sanctions until the end of trial. In some situations, liability under proper sanctioning authority will not be immediately apparent or may not be precisely and accurately discernible until a later time." Id. at 1183. Such is necessarily the case where, as here, the sanctions are based upon the cumulative effect of the attorneys' conduct.
 
 
 8
 Nor did the district court run afoul of Yagman in concluding that it would be impossible to determine with mathematical precision the amount of attorney's fees and costs incurred by Citicorp as a direct result of Gudger and Webb's misconduct. In Yagman, the district court made a "blanket award" of all of the other side's attorney's fees, making no effort to determine the extent to which those fees had been incurred as a result of the sanctionable conduct. Id. at 1184-85. Here, by contrast, the district court did evaluate the costs and fees, concluding that "at least 30% of the total defense costs can be attributed to Gudger and Webb's reckless litigation of this matter." In Hudson v. Moore Business Forms, Inc., 898 F.2d 684 (9th Cir.1990), we approved a virtually identical calculation. See id. at 687.
 
 
 9
 The district court's award of Sec. 1927 sanctions does not constitute impermissible postjudgment retribution.
 
 IV
 
 10
 Finally, Gudger contends that the district court erred in failing to allocate responsibility for the wrongdoing to Gudger and Webb individually. We fail to see how, because the district court did hold that each was fifty percent responsible, and it divided the total sanction award in half, imposing fifty percent on Gudger and fifty percent on Webb.
 
 
 11
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4