**Christopher M. TERRAN, Plaintiff,**

v.

**Linda R. KAPLAN, Personal Representative of the Estate of Jerold L. Kaplan [1] Defendant.**

**CIV No. 94–1880–PHX–EHC.**

United States District Court,
D. Arizona.

Nov. 4, 1997.

Michael Carey Shaw, Law Offices of Bybee & Shaw, Tempe, AZ, for Plaintiff.

Jerold Kaplan, Jerold Kaplan Law Office, Stanley M Hammerman, Hammerman & Hultgren P.C., Phoenix, AZ, for Defendant.

**ORDER**

CARROLL, District Judge.

The Ninth Circuit Court of Appeals affirmed a judgment of this Court in part and reversed and remanded in part. *Terran v. Kaplan,* 109 F.3d 1428 (9th Cir.1997).

The Court of Appeals' opinion outlined the purpose for remand:

We have concluded that Terran was not entitled to attorneys' fees as the prevailing

1. A suggestion of the death of Defendant Jerold L. Kaplan has been filed with the Court pursuant to F.R.Civ.P. 25(a). Accordingly, the personal representative for his estate is substituted as defendant.

plaintiff. We also hold that the district court did not abuse its discretion in awarding Kaplan his fees and costs. The district court did not, however, determine the amount of attorneys' fees and costs to which Kaplan is entitled as a sanction for the Rule 11 violation. Accordingly, we must remand for a calculation of attorneys' fees and costs to be awarded to Kaplan.

Under Rule 11, the district court can 'impose an appropriate sanction upon the attorneys, law firms, or parties.' Fed. R.Civ.P. 11(c). It is unclear from the district court's order whether the sanction was imposed against Terran or his attorney. Upon remand, the district court is directed to indicate who should bear the burden of the Rule 11 sanction.

Following remand, Defendant Kaplan filed a Motion for Attorneys' Fees and Costs, supported by a Memorandum of Points and Authorities and an Affidavit regarding reasonableness of the requested attorneys' fees. The Affidavit had as an attachment a detailed itemization of services rendered and the time recorded ("expended") in providing those services in the District Court, at an hourly rate of $150.00:

| ATTORNEY | TIME | CHARGE |
|---|---|---|
| Gail I. Schwartzbard | 36.2 hrs. | $5,430.00 |
| Stanley M. Hammerman | 22.3 hrs. | 3,345.00 |
| TOTAL | 58.3 hrs. | $8,775.00 |

(dkt. 57).

Plaintiff filed a Response to the Motion, raising the following objections:

Plaintiff did not act in bad faith or to harass defendant;

Any sanctions should be awarded ("levied") against Plaintiff's attorney Michael C. Shaw and not against Plaintiff or Mr. Shaw's present partner Floyd W. Bybee;

An hourly fee of $150.00 for Gail I. Schwartzbard was excessive because Mr. Shaw "believes that no first-year associate is worth $150.00 per hour";

Requesting the Court to order "Mr. Hammerman to submit to it his fee agreement with defendant";

Objects ("fails to understand") how attorney fees can be requested for researching a motion for summary judgment (7 hours) which was later withdrawn;

The Court "initiated" Rule 11 sanctions *sua sponte* and fees should not be allowed for hours expended after the "aggrieved allegations" were dismissed;

Rule 11 sanctions should be limited "to compensation concerning the legal work expended as a direct result of the stricken allegations";

Mr. Shaw "respectfully requests this Court carefully scrutinize defendant's itemizations of legal services rendered."

## RULE 11 SANCTIONS

The propriety of awarding sanctions under Fed.R.Civ.P. 11(b)(2) to Defendant Kaplan is not now an issue. The Circuit Court expressly found:

... The responses by Terran's counsel to questions posed by the district court at the scheduling conference supports the district court's finding that Terran failed to conduct a reasonable inquiry before filing a complaint and compelling Kaplan to prepare a defense to invalid claims.

The record amply demonstrates that Terran filed certain of his claims without a reasonable inquiry. Accordingly, the district court did not abuse its discretion by awarding Kaplan fees and costs pursuant to Rule 11.

Appropriate sanctions for a Rule 11 violation include "the reasonable attorneys' fees incurred for defense of the action." *Huettig & Schromm, Inc. v. Landscape Contractors,* 790 F.2d 1421, 1427 (9th Cir.1986). This practice is consistent with the holding of the U.S. Supreme Court in *Cooter & Gell v. Hartmarx Corp.* 496 U.S. 384, 391, 110 S.Ct. 2447, 2454, 110 L.Ed.2d 359 (1990), that the "Rule's central goal [is] deterrence."

## ATTORNEYS' FEES

Defendant has filed documentation supporting his Motion for Attorneys' Fees, including itemized computations of time. *See Orange Production Credit v. Frontline Ventures Ltd.,* 792 F.2d 797, 801 (9th Cir.1986), *citing Kerr v. Screen Extras Guild, Inc.,* 526 F.2d 67, 69–70 (9th Cir.1975), *cert. denied,* 425 U.S. 951, 96 S.Ct. 1726, 48 L.Ed.2d 195

and *Moore v. Jas. H. Matthews & Co.*, 682 F.2d 830, 838 (9th Cir.1982).

There are two basic components with respect to a fee application: the hours claimed and the hourly rate requested.

Defendant had a fee agreement with the firm representing him to pay a $1,500 retainer, at an hourly rate of $150.00.[2]

■ Based on his years of experience, Mr. Hammerman could justifiably request $200 or more per hour for his services. Ms. Schwartzbard could appropriately be billed by a firm between $100.00 and $125.00 an hour. The Court regularly reviews attorneys' fee claims in this district. Based on that experience, the supporting affidavit in this case, the lack of any controverting affidavit, the fee agreement, and the quality of legal services provided by Defendant's counsel, I find that an average hourly rate of $150.00 is reasonable and appropriate in this case. *Lucero v. City of Trinidad*, 815 F.2d 1384, 1385 (10th Cir.1987).

■ Plaintiff objects to 7 hours for Ms. Schwartzbard's research and drafting of the motion for summary judgment which was filed (dkt.13) and later withdrawn before a response was filed.

Defendant's Motion for Summary Judgment was 10 pages; it discussed relevant issues in a reasonable and well-written manner (dkt.13). The legal Memorandum supporting the Motion was relevant to issues pending for trial; it was not limited to a discussion of matters peculiar to a summary judgment motion. The record does not reflect why Defendant chose to withdraw the motion.

Plaintiff filed an eleven page Pretrial Motion for Summary Judgment (dkt.18). Plaintiff argued there were no disputed issues of material fact and that he was entitled to partial summary judgment that the collection letter at issue violated the Fair Debt Collection Practices Act. In effect, this motion was a response to Defendant's Motion which was withdrawn.

Defendant filed a ten page response to Plaintiff's Motion, arguing that there were "genuine issues of material fact." Ms. Schwartzbard logged 3 hours for preparing this response. It is evident that the earlier research and drafting of Defendant's Motion for Summary Judgment materially minimized the time necessary to research and draft the response to Plaintiff's Motion.

Plaintiff's Motion for Partial Summary Judgment was denied because there were disputed issues of material fact.

Research and drafting the Motion for Summary Judgment and the response to Plaintiff's Motion for Partial Summary Judgment concerned a "common core of facts" and "related legal theories." *See Hensley v. Eckerhart*, 461 U.S. 424, 432, 103 S.Ct. 1933, 1939, 76 L.Ed.2d 40(1988). I find that work performed by Ms. Schwartzbard in researching and drafting the withdrawn Motion for Summary Judgment was " 'expended in pursuit of the ultimate result achieved' ". *Id*, p. 1940.

Plaintiff's claims, except for the Section 1692g claim for statutory damages, were not withdrawn (dismissed with prejudice) until June 12, 1995.[3] At that time, the case was set for final pretrial conference on June 16, 1995. On June 16, 1995, the case was reset for trial from June 27, 1995 to July 5, 1995.

I find that attorneys' fees totalling $8,500.00 are reasonable, giving consideration to the *Kerr* factors and the circumstances of

---

**2.** Plaintiff requested the Court to order Defendant's counsel "to submit to it his fee agreement with defendant." Plaintiff asserted, "It is anticipated that Mr. Hammerman is not likely to comply with this request since examination of the fee agreement would obviously show Ms. Schwartzbard's services were not being billed to Defendant at a [sic] $150.00 per hour." (dkt.58, p.2). Contrary to Plaintiff's anticipation, a copy of the fee agreement was filed without an order of court and it reflected that firm services were to be billed at "$150.00 per hour." This same information was included in Mr. Hammerman's Affidavit (dkt.57) previously filed with the Court on April 21, 1997.

**3.** These withdrawn claims included allegations that Defendant engaged in a "campaign of deceptive, unfair and abusive debt collection practices," that Plaintiff "suffered mental or emotional distress" and a prayer for punitive damages.

this proceeding.[4] Many would argue that the fees should be substantially higher because of these factors. I also note that Defendant has not requested fees related to the claim for attorneys' fees and sanctions.

*THE ISSUE OF RULE 11 SANCTIONS*

Contrary to Plaintiff's post-remand assertion, this Court did not initially raise the possibility of Rule 11 sanctions. Defendant's letter to Attorney Shaw, dated September 7, 1994, advised Shaw as follows: "I can not of course prevent you from filing a law suit, however, I will tell you that I will request Rule 11 sanctions if you do." (Exh. C, dkt.38).

Defendant filed a Trial Memorandum July 5, 1995, arguing that "Plaintiff and his counsel improperly interposed pleadings without good faith inquiry and reasonable basis, in violation of F.R.C.P. 11 ." (dkt.33, p.7).

Prior to that, the propriety of Rule 11 sanctions was noted in Defendant's "Response to Plaintiff's Motion for Partial Summary judgment":

> WHEREFORE, Defendant respectfully requests that Plaintiff's Motion for Partial Summary Judgment be denied and that this matter proceed to trial as scheduled. Furthermore, Defendant respectfully requests that this Court be mindful of the bad faith nature of this Motion and contemplate imposition of Rule 11 sanctions, with a corresponding award of attorney's fees and costs incurred by Defendant herein in defending this meritless claim.
> (dkt.21, p. 10).

Defendant's Post–Remand Motion for Attorneys' Fees and Costs was timely filed and in compliance with the Local Rules of this Court.

*SANCTIONS MAY BE IMPOSED AGAINST AN ATTORNEY AND HIS CLIENT*

■ Plaintiff's counsel argues, in his Response to Motion for Attorney Fees that:

There is absolutely no finding that Christopher M. Terran, plaintiff, acted in bad faith and to harass defendant. Counsel undersigned requests that any sanctions be levied against me.

To the contrary, it is clear that Terran directly participated in the bad faith activities involved in filing the complaint. This Court's Order dated November 8, 1995, set forth several circumstances which support a "bad/faith harassment defense." Included in this listing was the fact that:

> There is no evidence that Plaintiff in fact 'suffered mental or emotional distress' as alleged in the complaint. Plaintiff's verification of the complaint makes this claim more egregious.

> There is nothing in the record to support a claim of punitive damages as originally sought by the Plaintiff.

Plaintiff was no stranger to the Fair Debt Collection Practices Act (FDCPA) when this action was filed; similarly, he was no stranger to Attorney Shaw. They had filed at least two other cases in this district.

Plaintiff reluctantly acknowledged that he was indebted to Montgomery Ward in the amount of $546.00 at the time he received the collection letter. He testified at his deposition on December 27, 1994 that he did not intend to voluntarily pay the debt and would not do so unless he was "forced to pay it." The reasonable inference is that this lawsuit was a means of avoiding paying that debt.

Plaintiff and his lawyer from the outset (actually prior to filing the case) engaged in a joint effort to convert a " 'simple straightforward debt collection action into a full-fledged assault' " [5] directed against Defendant Kaplan and his status as a lawyer—debt collector. This plan was not limited to recovery of statutory damages.[6]

---

4. The statement that "in an attempt to fairly compensate defendant, counsel undersigned [Shaw] would agree to reimburse defendant's estate in the amount of $500.00 as and for its reasonable attorney fees in this matter" is captious, at best.

5. *See Salstrom v. Citicorp Credit Services, Inc.*, 74 F.3d 183, 185 (9th Cir.1996).

6. Personal attacks on opposing counsel's competency or character are never appropriate. I note by way of example, the assertion by Plaintiff's counsel that defense counsel "greedily

Sanctions awarded in this case pursuant to Rule 11 are also appropriate under 28 U.S.C. § 1927 and 15 U.S.C. § 1692k(a)(3).

I find that Plaintiff, together with his attorney, Michael C. Shaw cooperated in drafting the complaint and the harassing nature of their activities, and that each should be responsible for monetary sanctions imposed by the Court.

The Court of Appeals found that Plaintiff's appeal was not frivolous and concluded that it "must deny" Defendant's request for attorneys' fees on appeal.

Plaintiff's 1682g claim was not frivolous and the denial of that claim would not support an award of attorney's fees to Defendant as to that claim. After reviewing Defendant's fee application and the record before this Court, I find that $2,250.00 of the fees (15 hours @ $150.00 per hour) claimed by Defendant are reasonably associated with the 1682g claim.

Accordingly, the Court being fully advised,

**IT IS ORDERED** awarding attorneys' fees of $6,250.00 to Defendant as sanctions, together with costs in this Court of $145.70 and Court of Appeals costs of $265.60.

**IT IS FURTHER ORDERED** that the Clerk enter judgment in favor of Defendant and against Plaintiff Christopher M. Terran and Michael C. Shaw, jointly and severally as sanctions, in the total amount of $6,250.00.

**IT IS FURTHER ORDERED** that the Clerk enter Judgment in the amount of $411.30, in favor of Defendant and against Plaintiff Christopher M. Terran, for costs.

and unethically requested compensation...." (dkt. 58, p. 3).