Marilyn ROSENSWEIG, individually and on behalf of all others similarly situated, Plaintiff–Appellant,

v.

BALLY TOTAL FITNESS CORPORATION, Defendant–Appellee,

and

Does 1 Through 20, Inclusive, Defendant.

No. 99–56992.

D.C. No. CV–98–05578–WDK.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 4, 2001.

Decided June 18, 2001.

---

Before D.W. NELSON, FERNANDEZ, and RYMER, Circuit Judges.

### MEMORANDUM *

Mathon & Rosenzweig appeals the district court's imposition of sanctions upon it in this action where it represented Marilyn Rosenzweig against Bally Total Fitness Corp. We modify the judgment and affirm.

 (1) After this case was removed to the federal district court, M & R willfully failed to respond to that court's order to show cause regarding jurisdiction. Instead, it continued with the litigation in the district court until it lost a ruling on a motion to dismiss. *See* Fed.R.Civ.P. 12(b)(6). Then it moved to remand to the state court for lack of subject matter jurisdiction. The district court granted that motion, but imposed sanctions upon M & R

for its volitional, unreasonable and vexatious failure to follow the dictates of the court's initial order to show cause. *See* 28 U.S.C. § 1927; *Chambers v. NASCO, Inc.,* 501 U.S. 32, 42–46, 111 S.Ct. 2123, 2131–33, 115 L.Ed.2d 27 (1991); *Mark Indus., Ltd. v. Sea Captain's Choice, Inc.,* 50 F.3d 730, 732 (9th Cir.1995). The district court's findings and explanations were sufficient to support those sanctions because, while it did not incant the words "bad faith," we can glean from the record that it found that M & R's behavior in willfully disobeying its order was tantamount to bad faith. *See Chambers,* 501 U.S. at 45, 47, 111 S.Ct. at 2133, 2134; *cf. Primus Auto. Fin. Servs., Inc. v. Batarse,* 115 F.3d 644, 648 (9th Cir.1997); *Moore v. Keegan Mgmt. Co. (In re Keegan Mgmt. Co., Sec. Litig.),* 78 F.3d 431, 436 (9th Cir.1996). The district court did not abuse its discretion when it decided to impose sanctions. *See Weissman v. Quail Lodge Inc.,* 179 F.3d 1194, 1197–98 (9th Cir.1999); *Salstrom v. Citicorp Credit Servs., Inc.,* 74 F.3d 183, 185 (9th Cir.1996).

 (2) M & R claims that the district court erred when it determined that amount of the sanctions should be $26,079.58. We agree. Sanctions must be reasonable in amount, and when they are based upon attorneys' fees, those fees must be reasonable under the circumstances. *See Brown v. Baden (In re Yagman),* 796 F.2d 1165, 1184 (9th Cir.1996). The difficulty here is that to the extent of $14,478.50 the court measured the sanctions based upon fees incurred by Bally in contesting the motion to remand for lack of jurisdiction. But Bally lost that motion. More importantly, Bally would have had to incur those fees, if it hoped to maintain removal jurisdiction, regardless of when the motion to remand was made. There is

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

no reason to believe that it incurred any extra fees, simply because it had to fight remand later rather than earlier. Thus, it was not proper to measure the sanctions on that basis.[1]

Therefore, we reduce the amount of the sanctions to $11,601.08 and, as reduced, we affirm the district court's judgment.

AFFIRMED, as modified. The parties shall bear their own costs on appeal.

---

1. M & R also claims that its ability to pay was not considered. However, it did not raise that issue before the district court, and we decline to consider it now. *See Crawford v. Lungren,* 96 F.3d 380, 389 n. 6 (9th Cir.1996); *Broad v. Sealaska Corp.,* 85 F.3d 422, 430 (9th Cir.1996); *O'Rourke v. Seaboard Sur. Co. (In re E.R. Fegert, Inc.),* 887 F.2d 955, 957 (9th Cir.1989).

