**ENTERTAINMENT BY J & J, INC., Plaintiff,**

**Ruth Elin Auerbach, Appellant,**

v.

**Sukie LEE, Individually and dba Titanic Bar and fdba the Gangway, Defendant—Appellee.**

No. 03–16155.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 15, 2005.*

Decided March 10, 2005.

Ruth Elin Auerbach, Esq., Glassbert, Pollak & Associates, San Francisco, CA, for Plaintiff.

Ruth Elin Auerbach, Glassbert, Pollak & Associates, San Francisco, CA, pro se.

Francine R. Strauss, Esq., Potomac, MD, for Appellant.

John F. Prentice, Esq., Prentice and Scott, Christine A. Linnenbach, Esq., John

---

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2)(C).

F. Prentice & Assoc., San Francisco, CA, for Defendant–Appellee.

Before: ALARCÓN, SILER,** and SILVERMAN, Circuit Judges.

### MEMORANDUM ***

Ruth Elin Auerbach, attorney for Entertainment by J & J, appeals the district court's sanctions against her. She argues that the district court erred both by accepting Sukie Lee's untimely motion for sanctions and by finding her conduct sanctionable. Because the parties are familiar with the facts, we recount them here only as necessary to explain our decision.

■ We review the district court's application of its local rules for abuse of discretion. *Professional Programs Group v. Dep't of Commerce,* 29 F.3d 1349, 1353 (9th Cir.1994). Local Rule 7–8(d) states that unless the district court orders otherwise, motions for sanctions must be filed within fourteen days of the entry of judgment. However, a district court's acceptance of a late motion can be considered to be the court's exercise of its own discretion. *Lance v. Dewco Services, Inc.,* 422 F.2d 778, 783–84 (9th Cir.1970). The district court did not abuse its discretion in hearing Lee's otherwise untimely motion, because it noted that Lee could not have prepared the motion on time given newly-discovered evidence of misconduct.

We also review the grant and extent of sanctions awarded under 28 U.S.C. § 1927 for abuse of discretion. *West Coast Theater Corp. v. City of Portland,* 897 F.2d 1519, 1526 (9th Cir.1990). Sanctions can be awarded under 28 U.S.C. § 1927 if an attorney "so multiplies the proceedings in any case unreasonably and vexatiously." *Id.* Additionally, the attorney must have either acted knowingly in bad faith, *West Coast Theater,* 897 F.2d at 1528, or acted recklessly in instigating frivolous claims. *In re Keegan Mgmt. Co., Securities Litigation,* 78 F.3d 431, 436 (9th Cir.1996).

■ The district court did not abuse its discretion in awarding sanctions in this case. It specifically found that Auerbach acted recklessly by not fully investigating her claim, especially after information discrediting her primary witness was brought to light. Furthermore, the district court determined that Auerbach's true motive was to exact a nuisance settlement from Lee, evidenced by Auerbach's statements about possessing incriminating photographs that later "disappeared" from the file.

The district court can award fees associated with the sanctionable conduct, *Salstrom v. Citicorp Credit Services Inc.,* 74 F.3d 183, 185 (9th Cir.1995), but it must determine whether the fees are reasonable. In doing so, it should consider a number of factors, including, *inter alia,* the ability to deter, whether fees could have been mitigated, and the ability to pay the fee. *Yagman v. Baden,* 796 F.2d 1165, 1184–85 (9th Cir.1986). In this case, the district court did not abuse its discretion because it considered the *Yagman* factors and examined Lee's extensive time sheets.

AFFIRMED.

---

** The Honorable Eugene E. Siler, Jr., United States Circuit Judge for the Sixth Circuit, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.