Paul BLUMBERG, Plaintiff,

and

Stephen Yagman, Esq., Appellant,

v.

Daryl GATES; et al., Defendants—
Appellees.

No. 04–55034.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Aug. 5, 2005.

Decided Nov. 2, 2005.

Stephen Yagman, Marion R. Yagman, Yagman & Yagman & Reichmann, Venice Beach, CA, for Plaintiff.

Janet G. Bogigian, Rockard J. Delgadillo, Los Angeles City Attorney's Office, Los Angeles, CA, for Defendants–Appellees, Dale B. Goldfarb, Colleen R. Smith, Harrigton, Foxx, Dubrow & Canter, LLP, Steven D. Blades, Manning & Marder, Kass, Ellrod & Ramirez, Los Angeles, CA, for Defendants–Appellees.

Before: KOZINSKI and RAWLINSON, Circuit Judges, and EZRA,* District Judge.

MEMORANDUM**

Appellant Stephen Yagman appeals the district court's imposition of sanctions against him pursuant to Federal Rule of Civil Procedure 11 and 28 U.S.C. section 1927, and the denial of his sanctions motion against Appellees.

---

\* The Honorable David A. Ezra, United States District Judge for the District of Hawaii, sitting by designation.

\** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

The imposition of sanctions under either Federal Rule of Civil Procedure 11 or 28 U.S.C. § 1927 is reviewed for abuse of discretion. *See Cooter & Gell v. Hartmarx Corp.,* 496 U.S. 384, 405, 110 S.Ct. 2447, 110 L.Ed.2d 359 (1990); *Retail Flooring Dealers of Am., Inc. v. Beaulieu of Am., LLC,* 339 F.3d 1146, 1150 (9th Cir.2003); *Gomez v. Vernon,* 255 F.3d 1118, 1135 (9th Cir.2001). An abuse of discretion occurs when the district court bases its decision on an error of law or a clearly erroneous assessment of the evidence. *See Retail Flooring,* 339 F.3d at 1150. A refusal to impose Rule 11 sanctions is also reviewed for abuse of discretion. *See Ingham v. United States,* 167 F.3d 1240, 1246 (9th Cir.1999).

■ 1. Appellees served their Rule 11 motion upon Appellant by mail. Federal Rule of Civil Procedure 11 provides a "safe harbor" period of 21 days, during which the movant must allow the opposing party to retract the offending pleading before filing the motion with the court. Fed. R.Civ.P. 11(c)(1)(A). Rule 11 further provides that service of the motion shall be effected pursuant to Rule 5, *id.,* which in turn provides that "[s]ervice by mail is complete on mailing." Fed.R.Civ.P. 5(b)(2)(B). But Rule 6 provides:

> Whenever a party has the right or is required to do some act or take some proceedings within a prescribed period after the service of a notice or other paper upon the party and the notice or paper is served upon the party under Rule 5(b)(2)(B), (C), or (D), 3 days shall be added to the prescribed period.

Fed.R.Civ.P. 6(e). Thus, as is apparent from the plain language of the rules, Rule 6 applies to Rule 11 to provide the non-moving party with a total of 24 days to withdraw the offending pleading, when service of the Rule 11 motion is effected by mail.

We have held that the procedural requirements of Rule 11(c)(1)(A)'s safe harbor provision are mandatory. *See Barber v. Miller,* 146 F.3d 707, 710 (9th Cir.1998). We have thus rejected litigants' attempts to cure violations of the mandatory safe harbor period by arguing that the non-movant had actual notice of the violation, or that the district court could have issued sanctions *sua sponte. See Radcliffe v. Rainbow Constr. Co.,* 254 F.3d 772, 789 (9th Cir.2001); *Barber,* 146 F.3d at 710. Appellees violated the mandatory safe harbor provision by serving the Rule 11 motion upon Appellant by mail but failing to wait the prescribed 24 days before filing it with the court. Thus, we find that the district court abused its discretion in imposing Rule 11 sanctions.

2. The district court also premised the imposition of sanctions on its authority under 28 U.S.C. § 1927. A district court may choose to impose sanctions under both Rule 11 and section 1927; the court's findings under Rule 11 have no legally binding effect upon that court's ability to impose sanctions under section 1927. *See Salstrom v. Citicorp Credit Servs., Inc.,* 74 F.3d 183, 184–85 (9th Cir.1996); *see also Zaldivar v. City of Los Angeles,* 780 F.2d 823, 830 (9th Cir.1986) (holding that Rule 11 "does not repeal or modify existing authority of federal courts to deal with abuses of counsel under 28 U.S.C. § 1927"), *abrogated on other grounds by Cooter & Gell,* 496 U.S. at 399, 405, 110 S.Ct. 2447. Thus, notwithstanding the district court's error in imposing sanctions under Rule 11, the award will be upheld if sanctions were properly imposed under section 1927.

■ Section 1927 authorizes the imposition of sanctions upon any attorney "who so multiplies the proceedings in any case unreasonably and vexatiously." 28 U.S.C. § 1927. The district court here found that

Appellant's opposition to Appellees' motion for summary judgment was "unreasonable and vexatious," and held that Appellant "could not have denied the veracity of the City's evidence and continued to insist that the LAPD falsified probable cause for Blumberg's arrest in good faith." However, the district court's order does not contain specific factual support for the finding of vexatiousness, which is required to sustain the imposition of section 1927 sanctions. *Id.* Although we assume sanctions were imposed with the appropriate authority, district courts are nonetheless required to develop detailed factual findings regarding unreasonability, vexatiousness and bad faith. *See Primus Auto. Fin. Servs., Inc. v. Batarse*, 115 F.3d 644, 649 (9th Cir.1997); *see also Barnd v. City of Tacoma*, 664 F.2d 1339, 1343 (9th Cir.1982) (remanding to the district court to either withdraw the personal sanctions or enter specific findings of fact on whether defense counsel acted in bad faith). "The district court has broad fact-finding powers with respect to sanctions, and its findings warrant great deference, but we must know to what we defer." *Primus*, 115 F.3d at 649 (internal citation and quotation marks omitted).

We therefore remand to the district court to make specific factual findings regarding whether Appellant's actions rose to the level of sanctionable conduct under section 1927. We emphasize that only conduct rising to the level of maliciousness, vexatiousness or bad faith warrants section 1927 sanctions; negligence—even gross negligence—is not enough. *See Gomez*, 255 F.3d at 1134—35. Further, we reiterate that "[b]ad faith is present when an attorney knowingly or recklessly raises a frivolous argument, or argues a meritorious claim *for the purpose of harassing an opponent.*" *Estate of Blas v. Winkler*, 792 F.2d 858, 860 (9th Cir.1986) (internal citations omitted) (emphasis added). If the

district court cannot point to specific evidence of maliciousness, vexatiousness or bad faith, it must withdraw the sanctions.

If the district court determines that section 1927 sanctions are warranted, it shall also consider whether Appellant is the proper target of the sanctions, or whether the sanctions would be more appropriately imposed on Appellant's firm. In order to warrant section 1927 sanctions against an individual attorney, the district court is required to make specific factual findings that the individual attorney himself was acting maliciously, vexatiously or in bad faith. *See Primus*, 115 F.3d at 650 ("[W]e require courts levying sanctions [against an individual attorney] to assess [the] attorney's individual conduct."). If the district court determines that the case was litigated in a malicious or vexatious manner, or in bad faith, but is unable to determine the specific attorney responsible, then section 1927 sanctions may only be imposed on the firm as a whole.

3. The district court properly denied Appellant's unfounded motion for sanctions against Appellees.

AFFIRMED IN PART, REVERSED IN PART AND REMANDED IN PART.