**John KILLINGSWORTH, a married man, Plaintiff—Appellant,**

v.

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, a foreign corporation; et al., Defendants—Appellees.**

Nos. 05–17135, 06–15432.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 18, 2007.

Filed Nov. 16, 2007.

**636**

Garry B. Bryant, Esq., John Gabroy, Esq., Gabroy Rollman & Bosse, PC, Tucson, AZ, for Plaintiff–Appellant.

Charles L. Chester, Esq., Ryley, Carlock and Applewhite, Phoenix, AZ, for Defendants–Appellees.

Before: HUG, W. FLETCHER, and CLIFTON, Circuit Judges.

### MEMORANDUM *

John Killingsworth appeals the district court's order granting summary judgment in favor of State Farm on his claims of race discrimination under 42 U.S.C. § 1981, age discrimination under the Age Discrimination in Employment Act of 1967, and various state law contract claims. He also appeals the district court's orders denying leave to amend the complaint, denying the motion to disqualify, and granting attorney's fees to State Farm. We affirm.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

### Preliminary Matters

■ As an initial matter, we hold that the district court did not abuse its discretion in denying leave to amend the complaint because the evidence in the record indicates that Killingsworth knew of the claim well before he filed the complaint and allowing the amendment would have prejudiced State Farm. *See Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1388 (9th Cir.1990); *EEOC v. Boeing Co.*, 843 F.2d 1213, 1222 (9th Cir.1988).

■ Additionally, the district court judge did not abuse his discretion by refusing to disqualify himself. Although the district court judge was an unnamed class member in an unrelated class action against State Farm, a reasonable and objective observer would not question the judge's impartiality because the judge had no financial interest in the class action, and he renounced any claim that he may have had. *See Clemens v. U.S. Dist. Court for the Central Dist. of California*, 428 F.3d 1175, 1178 (9th Cir.2005). Nor was the district court judge required to recuse himself based upon his status as a State Farm policyholder because the judge's financial interest in the Killingsworth litigation was too minor, speculative, and remote. 28 U.S.C. §§ 455(a)–455(b)(4).

■ Finally, Killingsworth's Title VII age discrimination claim was properly excluded because he did not raise the claim in his original EEOC charge. The district court properly found that it lacked subject matter jurisdiction because Killingsworth excluded the racial discrimination claim from his EEOC charge, and this claim was never investigated by the EEOC. *See Lowe v. City of Monrovia*, 775 F.2d 998, 1004 (9th Cir.1986); *Shah v. Mt. Zion*

*Hospital and Medical Center,* 642 F.2d 268, 272 (9th Cir.1981).

## Substantive Claims

■ As to his race discrimination claim under 42 U.S.C. § 1981, Killingsworth has not offered "specific and substantial" circumstantial evidence that State Farm's stated reasons for his demotion were pretextual and that he was actually demoted based upon his race. *See Cornwell v. Electra Central Credit Union,* 439 F.3d 1018, 1029 (9th Cir.2006). Killingsworth relies upon two pieces of evidence: that his accusers were lying, and that State Farm's published diversity plan together points to improper, discriminatory motives. Killingsworth, however, did not offer sufficient circumstantial evidence that State Farm demoted him because of an invalid affirmative action plan. *See Cerrato v. San Francisco Community College Dist.,* 26 F.3d 968, 976 (9th Cir.1994). Second, State Farm's honest (even if incorrect) belief that Killingsworth was a tyrannical leader and had made racially insensitive and sexist remarks defeats the plaintiff's discrimination claim. *See Villiarimo v. Aloha Island Air, Inc.,* 281 F.3d 1054, 1063 (9th Cir.2002) (citation omitted) ("[C]ourts 'only require that an employer honestly believed its reason for its actions, even if its reason is foolish or trivial or even baseless.' "). Based upon the evidence in this case, we conclude that a reasonable jury could not return a verdict for the nonmoving party. *See id.* at 1061 (citation omitted).

■ Additionally, Killingsworth based his ADEA claim on the facts that he was replaced by a younger employee and that Dannewitz applied pressure on agents age 50 and over to retire. This statement, however, directly contradicted Killingsworth's earlier sworn deposition testimony that neither Dannewitz nor Gonzales did anything in his presence that he felt indicated age discrimination. Killingsworth cannot create a genuine issue of material fact by creating a discrepancy in his own testimony. *See Kennedy v. Allied Mut. Ins. Co.,* 952 F.2d 262, 266 (9th Cir.1991); *Orr v. Bank of America, NT & SA,* 285 F.3d 764, 780 n. 28 (9th Cir.2002). Furthermore, we agree with the district court that State Farm's inquiries into agents' retirement plans do not suggest age discrimination in this case because State Farm had a legitimate business interest in knowing the plans of its retirement-age agents and in getting them to make their plans more definite in order to plan for its own future. *See Steckl v. Motorola, Inc.,* 703 F.2d 392, 394 (9th Cir.1983) ("The ADEA is not intended as a vehicle for general judicial review of business decisions.") (citation omitted). Therefore, Killingsworth failed to produce substantial circumstantial evidence to support his ADEA claim.

■ Finally, as to the state law breach of contract and promissory estoppel claims, Killingsworth has not offered evidence that there was in fact a contract or a promise upon which he reasonably relied. Killingsworth repeatedly acknowledged there were "no promises" made as to his agency assignment and therefore any belief that he had been promised an agency was objectively unreasonable. Any subjective understanding of the term "no promises" that he may have had frustrated the mutual assent necessary to create a valid contract. *See Hill–Shafer Partnership v. Chilson Family Trust,* 165 Ariz. 469, 472, 799 P.2d 810 (1990); *Contempo Construction Co. v. Mountain States Telephone and Telegraph Co.,* 153 Ariz. 279, 282, 736 P.2d 13 (Ariz.Ct.App.1987).

## Attorneys' Fees

■ Finally, it was within the district court's discretion to award attorneys' fees

to the prevailing party earned for the state law contract claims. *See* Ariz.Rev.Stat. § 12–341.01. The district court did not abuse its discretion in awarding attorneys' fees to State Farm because the court relied upon an estimation of the percentage of total fees incurred for defense of the contract claim and there was evidence in the record to support the court's decision. *See Hunt Investment Co. v. Eliot,* 154 Ariz. 357, 361, 742 P.2d 858 (Ariz.Ct.App. 1987); *Hudson v. Moore Business Forms, Inc.,* 898 F.2d 684, 687 (9th Cir.1990); *Salstrom v. Citicorp Credit Services, Inc.,* 74 F.3d 183, 185 (9th Cir.1996).

**AFFIRMED.**

---

\* Michael B. Mukasey is substituted for his predecessor, Alberto R. Gonzales, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

\*\* This disposition is not appropriate for publi-