NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FEB 25 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CORREY ALCANTRA, de facto Tribal Chairman of the Coyote Valley Band of Pomo Indians, | No. 18-16482 |
| Plaintiff-Appellee, | D.C. No. 3:17-cv-07377-VC |
| v. | MEMORANDUM* |
| COYOTE VALLEY BAND OF POMO INDIANS; et al., | |
| Defendants-Appellants. | |

Appeal from the United States District Court
for the Northern District of California
Vince Chhabria, District Judge, Presiding

Submitted January 22, 2020**
San Francisco, California

Before: W. FLETCHER and R. NELSON, Circuit Judges, and MOLLOY,***
District Judge.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Donald W. Molloy, United States District Judge for the District of Montana, sitting by designation.

1

Defendants appeal the denial of sanctions against Plaintiff Correy Alcantra's counsel under Federal Rule of Civil Procedure 11 and 28 U.S.C. § 1927. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

The decision to impose sanctions, whether under Rule 11 or § 1927, is a matter of discretion for the district court. *Cooter & Gell v. Hartmax Corp.*, 496 U.S. 384, 405 (1990); *Salstrom v. Citicorp Credit Servs., Inc.*, 74 F.3d 183, 185 (9th Cir. 1996). Here, the record shows Alcantra's attorney withdrew the official capacity claims against the Tribal Council members and attempted to withdraw the ICRA and constructive trust claims even before Defendants filed their motion for sanctions. On these facts, the district court did not abuse its discretion in declining to impose sanctions.

**AFFIRMED.**